IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TERRAN BIOSCIENCES, INC., *et al.* <br>    *Plaintiffs*, <br><br> v. <br><br> COMPASS PATHFINDER LIMITED, *et al.* <br>    *Defendants*. | Civil Action No. ELH-22-1956 |

**MEMORANDUM**

Plaintiffs Terran Biosciences, Inc. ("Terran Biosciences"), a Delaware corporation; the University of Maryland, Baltimore ("University"); and Scott Thompson, Ph.D., formerly Professor of Physiology and Chair of the Department of Physiology at the University of Maryland School of Medicine (collectively, "Terran") have filed suit against defendant Compass Pathfinder Limited ("Compass"), a company incorporated in England and Wales, and ten "John Doe" defendants (collectively, "Compass"). ECF 81 ("Third Amended Complaint"). Plaintiffs claim that Compass defrauded them of trade secrets concerning the therapeutic application of the hallucinogenic compound psilocybin. *Id.* ¶ 1.

In several of the parties' respective submissions, the parties have referred to or quoted a "Master Licensing Agreement" ("MLA") between Terran Biosciences and the University. *See* ECF 51-1; ECF 68; ECF 81; ECF 93-1; ECF 84; ECF 85; ECF 93; ECF 102; ECF 105. In addition, Compass filed the MLA, under temporary seal, as an exhibit to two of its submissions. ECF 51-3; ECF 68-2. The parties have filed redacted versions of these submissions on the public docket. *See, e.g.,* ECF 53-1 (redacted version of ECF 51-1); ECF 103 (redacted version of ECF 103); ECF 106 (redacted version of ECF 105).

On February 9, 2024, Terran moved to seal the MLA in its entirety or, in the alternative, partially. ECF 83 (the "Motion" or "Motion to Seal"). Terran also asked the Court to "keep under seal the redacted portions of the motion papers that quote the MLA." ECF 83 at 1.

By Memorandum Opinion (ECF 112) and Order (ECF 113) of May 2, 2024, I granted the Motion to Seal, in part.[1] I determined that "the public's right of access to the MLA is protected by the First Amendment." ECF 112 at 17. But, I concluded that "the filing of [a] redacted version of the MLA (ECF 85) on the public docket [was] a measure narrowly tailored to the compelling interest in preserving the confidentiality of" commercially sensitive contract terms. *Id.* at 17. Therefore, I directed the Clerk to lift the seal as to the redacted version of the MLA, docketed at ECF 85. But, I directed the Clerk to maintain under seal the unredacted versions of the MLA, docketed at ECF 51-3, ECF 68-2, and ECF 84. ECF 113, ¶ 1.

With respect to Terran's request to "keep under seal the redacted portions of the motion papers that quote the MLA," ECF 83 at 1, I noted: "The redacted portions of the parties' submissions appear to discuss or quote terms of the MLA that are not subject to redaction in the version of the MLA to be filed on the public docket." ECF 112 at 19. "Nonetheless, before ordering the unsealing of the redacted portions of the motion papers," I "afford[ed] Terran an opportunity to explain why unsealing of these redactions would be inappropriate." *Id.* I issued the following instruction, ECF 113, ¶ 3:

> Within fourteen days of the date of entry of this Order, Terran **SHALL FILE** a submission identifying by ECF number every document currently under seal that quotes or discusses the MLA, with respect to which Terran asks the Court to maintain the seal. The submission **SHALL INCLUDE** the basis for plaintiffs' sealing request, consistent with Local Rule 105.11. The Court shall assume that

---

[1] I incorporate here my discussion in the Memorandum Opinion of the public's right of access to certain judicial documents under the First Amendment and the application of that right to Terran's sealing requests.

2

Terran consents to the unsealing of any currently sealed documents not identified in its forthcoming submission.

On May 16, 2024, Terran filed a "Submission Regarding the Court's Sealing Request." ECF 114 ("Sealing Submission"). In the Sealing Submission, Terran "request[s] that, in addition to the sealed non-redacted versions of the MLA (ECF Nos. 51-3, 68-2, and 84), the Court also maintain the seal on ECF Nos. 51-1, 102, and 105, each of which contains or describes portions of the MLA that the Court found to 'qualif[y] as a "trade secret" meriting protection, notwithstanding the public's right of access under the First Amendment,' . . . and which are redacted in the publicly filed version of the MLA . . . ." ECF 114 at 1 (quoting ECF 112 at 18). In particular, Terran maintains that the sealing of ECF 51-1 ("Compass Pathfinder Limited's Motion to Dismiss Plaintiffs' Second Amended Complaint"), ECF 102, and ECF 105 is warranted because material redacted from the publicly filed version of the MLA is quoted or discussed at ECF 51-1 at 11, ECF 102 at 32, and ECF 105 at 19. Notably, Terran does not posit that any other portions of these submissions contain material subject to redaction. *See* ECF 114.

By Order of May 17, 2024 (ECF 115), I allowed Compass until May 31, 2024, to file a response to the Sealing Submission. And, I wrote: "If the defendants do not file a response by that date, I shall assume that they do not oppose Terran's request to maintain the seal on ECF 51-1, ECF 102, and ECF 105." ECF 115 at 1. Compass did not file a response to the Sealing Submission. *See* Docket.

The Court has reviewed ECF 51-1 at 11, ECF 102 at 32, and ECF 105 at 19, to evaluate Terran's contention that these pages contain or describe sealed portions of the MLA. The Court's review confirms that ECF 102 at 32 and ECF 105 at 19 discuss or characterize portions of the MLA that have been redacted from the version of the MLA available on the public docket. Therefore, the Court shall direct the Clerk to maintain the seal on ECF 102 and ECF 105.

In contrast, with one exception, the portions of the MLA discussed in ECF 51-1 have not been redacted from the version of the MLA available on the public docket. *See* ECF 85. Nevertheless, this non-sensitive information has been redacted from ECF 53-1, the publicly available version of ECF 51-1. To ensure that the non-sensitive information contained in ECF 53-1 is publicly available, the Court has prepared a revised version of ECF 53-1 that conforms with the redacted version of the MLA, i.e., ECF 85.

I shall direct the Clerk to file this revised version of ECF 53-1 on the public docket. And, I shall direct the Clerk to maintain the seal on ECF 51-1.

Terran objects only to the unsealing of ECF 51-3, ECF 68-2, ECF 84, ECF 51-1, ECF 102, and ECF 105. *See* ECF 114 at 2. Therefore, I shall also direct the Clerk to unseal ECF 68, ECF 68-1, ECF 75, and ECF 93.

An Order follows, consistent with this Memorandum.

Date: August 6, 2024                                             /s/
                                                                 Ellen Lipton Hollander
                                                                 United States District Judge