IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TERRAN BIOSCIENCES, INC., *et al.*

    *Plaintiffs*,

    v.

COMPASS PATHFINDER
LIMITED, *et al.*

    *Defendants*.

Civil Action No. ELH-22-1956

**MEMORANDUM**

In a Third Amended Complaint (ECF 81, "TAC"), plaintiffs Terran Biosciences, Inc., a Delaware corporation; the University of Maryland, Baltimore; and Scott Thompson, Ph.D., formerly Professor of Physiology and Chair of the Department of Physiology at the University of Maryland School of Medicine, filed suit against defendant Compass Pathfinder Limited, a company incorporated in England and Wales, and ten "John Doe" defendants (collectively, "Compass").  Plaintiffs allege, *inter alia*, that Compass misappropriated trade secrets concerning the therapeutic application of psilocybin, a hallucinogenic compound.  *Id.* ¶ 1.

In the TAC, plaintiffs assert that the Court has personal jurisdiction over Compass pursuant to Maryland's long-arm statute, Md. Code (2020 Repl. Vol., 2023 Supp.), § 6-103 of the Courts and Judicial Proceedings Article.  Alternatively, they assert jurisdiction over Compass under Fed. R. Civ. P. 4(k)(2), as a foreign defendant not subject to any State's general jurisdiction.  ECF 81, ¶¶ 17, 19.

Compass has moved to dismiss the Third Amended Complaint.  ECF 93.  It also submitted a supporting memorandum.  ECF 93-1 (collectively, the "Motion" or "Motion to Dismiss").[1] Plaintiffs oppose the Motion.  ECF 102 ("Opposition").  Compass has replied.  ECF 107 ("Reply"). Among other things, the parties dispute whether the Court may exercise personal jurisdiction over Compass.

In connection with the Motion, plaintiffs filed a "Motion for Leave to File Sur-Reply [sic] in Opposition to Compass's Motion . . . ."  ECF 109 ("Surreply Motion").  A copy of the proposed Surreply is attached as an exhibit.  ECF 109-2 ("Surreply").  Compass opposes the Surreply Motion.  ECF 110 ("Surreply Opposition").  Plaintiffs have replied.  ECF 111 ("Surreply Reply").

This Memorandum addresses only the Surreply Motion.  No hearing is necessary to resolve it.  *See* Local Rule 105.6.  For the reasons that follow, I shall grant the Surreply Motion.

## I.  Legal Standard

Local Rule 105.2(a) provides that a party is not permitted to file a surreply without permission of the court.  The filing of a surreply "is within the Court's discretion, *see* Local Rule 105.2(a), but they are generally disfavored."  *EEOC v. Freeman*, 961 F. Supp. 2d 783, 801 (D. Md. 2013), *aff'd in part on other grounds*, 778 F.3d 463 (4th Cir. 2015); *see also, e.g.*, *Chubb & Son v. C & C Complete Servs., LLC*, 919 F. Supp. 2d 666, 679 (D. Md. 2013).

Ordinarily, a surreply is permitted when the party seeking to file the surreply "would be unable to contest matters presented to the court for the first time" in the opposing party's reply. *Clear Channel Outdoor, Inc. v. Mayor & City Council of Baltimore*, 22 F. Supp. 3d 519, 529 (D. Md. 2014) (quotations and citations omitted).  Conversely, a surreply is usually not permitted if

---

[1] This was Compass's third such motion.  *See* ECF 30, ECF 57.

the content is merely responsive to an issue raised in the opposition. *See Khoury v. Meserve*, 268 F. Supp. 2d 600, 605–06 (D. Md. 2003).

## II.  The Contentions

Plaintiffs contend that a surreply is necessary to respond to two "new arguments" raised by Compass for the first time in its Reply.  ECF 109 at 1.  Compass counters that its arguments in the Reply are not "new."  ECF 110 at 1.  Instead, Compass maintains that they are merely responses to arguments made in plaintiffs' Opposition.  *Id.*

Plaintiffs first argue that, in the Reply, Compass suggested for the first time that it may be subject to personal jurisdiction in New York and California.  ECF 109 at 2.  Plaintiffs contend that this argument is "untimely" because Compass had not previously made it, despite prior briefing on this issue.  *Id.*  Moreover, they point out that, in response to a letter sent by plaintiffs to Compass in May 2023, Compass declined to identify any locale in which it would be subject to personal jurisdiction.  *Id.* at 1-2 (citing ECF 67-5).

Plaintiffs disagree that they "open[ed] the door" to a new argument in their Opposition by cataloging Compass's many contacts with the United States.  *Id.* at 2.  According to plaintiffs, Compass "obviously knew" that Compass had leased offices in California and New York at the time that it filed the Motion.  ECF 111 at 2.  Therefore, plaintiffs contend that if Compass were going to argue that the Court lacks jurisdiction under Fed. R. Civ. P. 4(k)(2), based on Compass's contacts with New York and California, it should have made that argument prior to filing the Reply. *Id.*

Second, plaintiffs assert that, in the Reply, Compass argued for the first time that the statute of limitations provisions in the Defend Trade Secrets Act, 18 U.S.C. § 1836(d) ("DTSA"), and the Maryland Uniform Trade Secrets Act, Md. Code (2013 Repl. Vol., 2023 Supp.), § 11-1206 of the Commercial Law Article ("MUTSA"), should be applied to the personal jurisdiction analysis to

restrict the relevant time period in which Compass's contacts with Maryland may be considered. ECF 109 at 3 (citing ECF 105 at 11).  According to plaintiffs, this argument was not raised in the Motion, and Compass has previously argued that "'the timing of claim accrual for purposes of the statute of limitations is *different from and irrelevant to* the personal jurisdiction question now at issue.'"  *Id.* (quoting ECF 57 at 10) (emphasis in original).

Compass contends that in the Opposition, plaintiffs argued that Compass was subject to jurisdiction under Rule 4(k)(2) because of its "'extensive contacts with the United States,'" which "'include . . . establishing offices in New York and San Francisco.'"  ECF 110 at 2 (quoting ECF 102 at 14).  Therefore, Compass maintains that, in the Reply, it merely responded to the Opposition, explaining that plaintiffs failed to establish why Compass is not subject to jurisdiction in any state, including New York and California, where Compass "maintains offices . . . ."  *Id.* (citing ECF 105 at 11).

In addition, Compass argues that plaintiffs impermissibly seek to raise a new argument in the Surreply: Compass, not plaintiffs, has the burden of demonstrating that Compass is not subject to jurisdiction in any state for purposes of Rule 4(k)(2) jurisdiction.  *Id.*  Compass insists that plaintiffs should not be permitted to raise this argument in the Surreply, because "'the point of a surreply is . . . not to unearth facts and arguments never before raised.'"  *Id.* at 2–3 (quoting *Gonzalez-Vera v. Townley*, 83 F. Supp. 306, 315 (D.D.C. 2015)).

Compass also contends that the timing of jurisdictional contacts was raised in the Motion and plaintiffs have already responded to it in the Opposition.  *Id.* at 4.  According to Compass, plaintiffs are not entitled to another opportunity to brief this issue.  *Id.*  Further, Compass maintains that plaintiffs mischaracterize its Reply argument regarding the statute of limitations in the DTSA and MUTSA.  *Id.* at 3.  Compass posits that it does not argue, nor has it ever argued, that the

limitations provision in either statute should be applied to the personal jurisdiction analysis to restrict the relevant time period in which its contacts with Maryland may be considered. *Id.* Instead, Compass claims that it explained that those provisions merely "'*provide[] guidance* for assessing the timing of jurisdictional contact.'" *Id.* at 4 (quoting ECF 105 at 11) (emphasis in original).

### III.  Discussion

In the Third Amended Complaint, plaintiffs claim that if jurisdiction is not proper under Maryland's long-arm statute, "then Compass is subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2), as a foreign defendant who is not subject to any state's court of general jurisdiction." ECF 81, ¶ 19.

In the Motion to Dismiss, Compass stated that "Rule 4(k)(2) requires Plaintiffs to show that: (1) at least one claim arises under federal law, (2) *Compass is not subject to jurisdiction in any state*, and (3) exercising jurisdiction is consistent with due process." ECF 93-1 at 27 (emphasis added; footnote omitted) (citing *Grayson v. Anderson*, 816 F.3d 262, 271 (4th Cir. 2016)). However, Compass set forth no argument establishing that it *is* subject to jurisdiction in any state, instead focusing on its lack of contacts with the United States as a whole. *See id.* at 27–29.

In turn, plaintiffs responded in their Opposition to Compass's argument that it lacks sufficient contacts with the United States as a whole. ECF 102 at 22–30. Compass states in Reply, ECF 105 at 17–18: "Plaintiffs acknowledge that Compass maintains offices in New York and California, yet do not allege why Compass is not subject to jurisdiction in either of those fora. Plaintiffs have not met the requirements of Rule 4(k)(2), therefore, because Plaintiffs have failed to establish why Compass is not subject to jurisdiction in any state." (Internal citations omitted).

It was not until the Reply that Compass addressed the Rule 4(k)(2) requirement that Compass must not be subject to personal jurisdiction in any state.  It would seem that Compass must have known that it had offices in New York and California when it filed the Motion.  But, until the Reply, it did not make the argument that Rule 4(k)(2) jurisdiction is defeated because of its contacts with New York and California.  For that reason, I shall permit the filing of a surreply on this issue.  *Clear Channel Outdoor, Inc.*, 22 F. Supp. 3d. at 529 (a surreply is permitted when the party seeking to file it "would be unable to contest matters presented to the court for the first time" in the opposing party's reply) (quotations and citations omitted).

According to Compass, plaintiffs are attempting to raise a new argument in the Surreply: that Compass, and not plaintiffs, has the burden of demonstrating that Compass is not subject to jurisdiction in any state for purposes of Rule 4(k)(2) jurisdiction.  ECF 110 at 2.[2]  Compass contends that plaintiffs should not be permitted to raise this argument in the Surreply, because "'the point of a surreply is . . . not to unearth facts and arguments never before raised.'"  *Id.* at 2–3 (quoting *Gonzalez-Vera*, 83 F. Supp. at 315).

In the Reply, Compass argued: "Plaintiffs acknowledge that Compass maintains offices in New York and California, yet do not allege why Compass is not subject to jurisdiction in either of those fora.  Plaintiffs have not met the requirements of Rule 4(k)(2), therefore, because Plaintiffs have failed to establish why Compass is not subject to jurisdiction in any state."  ECF 105 at 17–

---

[2] In the Surreply Motion and Surreply Opposition, Plaintiffs and Compass cite competing case law on the issue of which party bears the burden to show that a defendant is not subject to personal jurisdiction in any state for purposes of Rule 4(k)(2) jurisdiction.  *See, e.g.*, ECF 109 at 2 (citing *Tech. Pats., LLC v. Deutsche Telekom AG*, 573 F. Supp. 2d 903, 918 n.17 (D. Md. 2008), *aff'd sub nom. Tech. Pats. LLC v. T-Mobile (UK) Ltd.*, 700 F.3d 482 (Fed. Cir. 2012)); ECF 110 at 3 n.1 (citing *Base Metal Trading, Ltd. v. OJSC "Novokuznetsky Aluminum Factory"*, 283 F.3d 208, 215 (4th Cir. 2002)).  For purposes of the Surreply Motion, I need not decide that issue.

18 (citing *Sneha Media & Entm't, LCC v. Associated Broad. Co.*, 911 F.3d 192, 201 (4th Cir. 2018)).

Compass did not use the word "burden."  But, the thrust of Compass's argument is that plaintiffs, and not Compass, have the burden to establish that Compass is not subject to jurisdiction in any state.  In my view, plaintiffs are merely responding to Compass's burden argument, which was not raised earlier.

I also agree with plaintiffs that Compass raised a new argument in the Reply regarding the statutes of limitation in the DTSA and MUTSA.  ECF 105 at 11.  Although the timing of jurisdictional contacts has been an on-going point of contention between the parties, Compass made this argument for the first time in the Reply.  In fact, Compass previously took the opposite position, arguing that "the timing of claim accrual for purposes of the statute of limitations is *different from and irrelevant to* the personal jurisdiction question now at issue."  ECF 57 at 10 (emphasis in original).

Compass's contention that the Reply merely argues that the limitation provisions "'*provide[] guidance*'" on the timing of contacts, as opposed to controlling the analysis, is not persuasive with regard to the filing of a surreply.  ECF 110 at 4 (quoting ECF 105 at 11) (emphasis in original).  Simply put, plaintiffs are entitled to an opportunity to argue why the limitation provisions should not "'*provide[] guidance*.'"  ECF 110 at 4 (quoting ECF 105 at 11) (emphasis in original).

### IV.  Conclusion

For the foregoing reasons, I shall grant the Surreply Motion, and permit the filing of the Surreply.

An Order follows.

Date: September 4, 2024                    _____/s/_____

Ellen Lipton Hollander
United States District Judge