UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

TERRAN BIOSCIENCES, INC., *et al.*,

　　　*Plaintiffs*,

　　　v.

COMPASS PATHFINDER LIMITED,

　　　*Defendant*.

Case No. 1:22-cv-01956-ELH

**COMPASS PATHFINDER LIMITED'S ANSWER TO THIRD AMENDED COMPLAINT**

Defendant Compass Pathfinder Limited ("Compass") hereby answers the Third Amended Complaint (the "Complaint") of Plaintiffs Terran Biosciences, Inc. ("Terran"), University of Maryland, Baltimore ("UMB"), and Scott Thompson ("Thompson") (collectively, "Plaintiffs"). To the extent not expressly admitted herein, Compass denies the allegations of the Complaint. The headings employed by Plaintiffs throughout the Complaint are not assertions of law or fact, and therefore do not require a response. To the extent that the headings contained in the Complaint can be read to require a response, Compass denies the allegations.

**THIRD AMENDED COMPLAINT[1]**

The opening sentence of Plaintiffs' Complaint does not require a response. To the extent a response is required, Compass admits that Plaintiffs filed a Complaint against Compass.

**Introduction**

1.　　　Compass admits that by 2016, it was known that 5-HT2A antagonists like ketanserin reduce or eliminate the negative hallucinogenic effects of psilocybin. Compass admits

---

[1] The headings used in Compass's Answer are those used in Plaintiffs' Complaint and are incorporated herein for the sole purpose of tracking the paragraphs in the Complaint.

that by 2016, psilocybin's antidepressant therapeutic effects were also known. Compass denies the allegations in first sentence of paragraph 1. Compass is otherwise without information or knowledge sufficient to form a belief as to the truth of the allegations in the remainder of paragraph 1 and, therefore, denies such allegations.[2]

2.    Compass admits, based on publicly available information, that on August 13, 2019, Thompson filed a provisional patent application. Compass is without information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 2 and therefore, denies such allegations. Compass otherwise denies the allegations in paragraph 2, including, without limitation, that Thompson's work is a trade secret or otherwise protectable confidential information.

3.    Compass admits that Jessica Rose Stuart provided Thompson with a document titled Mutual Non-Disclosure Agreement at the direction of Dr. Ekaterina Malievskaia ("Malievskaia"). Compass admits that Thompson and Compass exchanged a few emails regarding potentially working together. Compass denies the remaining allegations in paragraph 3, including, without limitation that Thompson's work is a trade secret or otherwise protectable confidential information.

4.    Compass denies the allegations in paragraph 4.

5.    Compass denies the allegations in paragraph 5.

6.    Compass denies the allegations in paragraph 6.

7.    Compass is without information or knowledge sufficient to form a belief as to the truth of whether Terran entered into a licensing agreement with UMB and on what terms, and therefore, denies such allegations. Compass otherwise denies the allegations in paragraph 7,

---

[2] References to paragraphs are references to the paragraphs in Plaintiffs' Complaint.

including, without limitation, denies that Thompson's work is a trade secret or otherwise protectable confidential information.

8.      This paragraph does not require a response.  To the extent a response is required, Compass admits that Plaintiffs filed a Complaint against Compass for multiple causes of action and seeking damages and other relief but Compass denies that Plaintiffs are entitled to damages or other relief.

## The Parties

9.      Upon information and belief, Compass admits the allegations in paragraph 9.

10.     Upon information and belief and publicly available information, Compass admits the allegations in paragraph 10.

11.     Upon information and belief and publicly available information, Compass admits the allegations in paragraph 11.

12.     Compass admits the allegations in paragraph 12.

13.     This paragraph does not require a response because DOES 1-10 were dismissed from the above-captioned litigation on March 11, 2025.  Dkt. No. 123.  To the extent a response is required, Compass denies the allegations in paragraph 13.

## Jurisdiction and Venue

14.     Paragraph 14 alleges a legal conclusion to which no response is required.  To the extent a response is required, Compass denies the allegations in paragraph 14.

15.     Paragraph 15 alleges a legal conclusion to which no response is required.  To the extent a response is required, Compass denies the allegations in paragraph 15.

16.     Paragraph 16 alleges a legal conclusion to which no response is required.  To the extent a response is required, Compass denies the allegations in paragraph 16.

4932-6781-3423, v. 1

17.     The first sentence of paragraph 17 alleges a legal conclusion to which no response is required.  To the extent a response is required, Compass denies the allegations set forth in the first sentence of paragraph 17.  Compass otherwise denies allegations in paragraph 17.

18.     Compass admits that (a) it conducted a clinical trial titled, "The Safety and Efficacy of Psilocybin in Participants with Treatment Resistant Depression"; (b) the study was submitted to the FDA's database for clinical trials on March 1, 2019 and completed on September 27, 2021; (c) in January 2021, it established a "Centre of Excellence in collaboration with the Sheppard Pratt Institute for Advanced Diagnostics and Therapeutics" to "carry out new research in the use of psilocybin therapy . . . ."; and (d) Compass has conducted other clinical trials related to psilocybin. Compass otherwise denies allegations in paragraph 18.

19.     The first sentence of paragraph 19 alleges a legal conclusion to which no response is required.  To the extent a response is required, Compass denies the allegations in the first sentence of paragraph 19.  Compass admits the remaining allegations in paragraph 19.

20.     Paragraph 20 alleges a legal conclusion to which no response is required.  To the extent a response is required, Compass denies the allegations in paragraph 20.

21.     The first sentence of paragraph 21 alleges a legal contention to which no response is required.  To the extent a response is required, Compass admits that it has conducted certain activities in the United States outside of the State of Maryland.  Compass further admits that has conducted and/or participated in clinical trials through various locations in the United States. Compass denies the remaining allegations in paragraph 21.

22.     Compass admits that (a) on August 28, 2019, it filed U.S. Provisional Patent Application No. 62/893,110; (b) on August 29, 2019, it filed U.S. Provisional Patent Application

4932-6781-3423, v. 1

No. 62/893/611; and (c) it has filed non-provisional patent applications relating to psilocybin. Compass otherwise denies the remaining allegations in paragraph 22.

23.    Compass admits the allegations in paragraph 23.

24.    Paragraph 24 alleges a legal conclusion to which no response is required.  To the extent a response is required, Compass denies the allegations in paragraph 24.

### Factual Background

*Psilocybin Trade Secrets and Confidential Information*

25.    Compass admits, on information and belief and publicly available information, that Thompson was a Professor of Physiology at the University of Maryland School of Medicine and is currently a Professor of Psychiatry at the University of Colorado Anschutz School of Medicine. Compass is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 25 and, therefore, denies such allegations.

26.    Compass denies the allegations in the first sentence of paragraph 26, including, without limitation, that Thompson's work is a trade secret or otherwise protectable confidential information.  Compass is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations in paragraph 26, and, therefore, denies such allegations.

27.    Compass denies the allegations in paragraph 27.

28.    Compass admits, on information and belief and publicly available information, that Thompson and UMB filed U.S. Provisional Patent Application No. 62/886,090 (not No. 62/886,080), entitled "Combination Therapy with Broad Spectrum Serotonergic Agonists and Anti-Hallucinogenic Serotonergic Antagonists."  Compass denies the remaining allegations in paragraph 28.

*Compass Reaches Out To UMB Regarding Thompson's Research*

4932-6781-3423, v. 1

29.     Compass admits that on May 16, 2019, Malievskaia corresponded with Professor Todd Gould ("Gould") and that her email contains the language quoted in paragraph 29.  Compass further admits that Gould directed Malievskaia to Thompson.  Compass denies the remaining allegations in paragraph 29.

30.     Compass admits that (a) on May 29, 2019, Jessica Rose Stuart sent Thompson a document titled Mutual Non-Disclosure Agreement (the "NDA"); (b) Thompson signed the NDA on May 29, 2019; (c) Compass has not identified a version of the NDA signed by Compass; and (d) on May 30, 2019, Manon Veraart acknowledged receipt of Thompson's signed NDA.  The text of the NDA speaks for itself.  Compass denies the remaining allegations of paragraph 30.

31.     Compass is without information or knowledge sufficient to form a belief as to the truth of allegations in paragraph 31, and therefore denies the allegations.

32.     Compass admits that (a) on June 12, 2019, Malievskaia emailed Thompson to ask for a "very short version of the proposed studies and rough budget"; (b) on June 13, 2019, Gould sent a scientific proposal and proposed budget to Malievskaia; and (c) Malievskaia confirmed receipt of the proposal and requested a follow-up call.  Compass otherwise denies the allegations in paragraph 32.

33.     Compass admits the following:  (a) on June 18, 2019, Dr. Shaun Hurley ("Hurley"), a Research Scientist at Compass, emailed Thompson stating that Compass was "excited to read about the interesting questions you'd like to explore using psilocybin" and "share[d] some questions" concerning Thompson's proposal; and (b) the message contained the language quoted in paragraph 33.  Compass otherwise denies the allegations in paragraph 33.

34.     Compass denies the allegations in paragraph 34.

35.     Compass denies the allegations in paragraph 35.

6

4932-6781-3423, v. 1

36.     Compass admits that Hurley and Thompson (among others) joined a call on or around September 5, 2019.  Compass also admits that Hurley and Thompson corresponded via email following the call.  Compass denies the remaining allegations in paragraph 36.

37.     Compass admits that Hurley and Thompson (among others) corresponded via email and the messages contained the language quoted in paragraph 37.  Compass otherwise denies the allegations in paragraph 37.

38.     Compass admits that it sent UMB a draft collaboration agreement on or around October 20, 2019.  Compass otherwise denies the allegations in paragraph 38.

39.     Compass admits that on November 20, 2019, Hurley emailed Thompson and the message contained the language quoted in paragraph 39.  Compass denies the remaining allegations in paragraph 39.

***Compass Files For Patent Applications Related To The Psilocybin Trade Secrets***

40.     Compass denies the allegations in paragraph 40.

41.     Compass admits that, on August 29, 2019, Compass filed U.S. Provisional Patent Application No. 62/893,611 (the "'611 Application").  The text of the '611 Application speaks for itself.  Compass otherwise denies the allegations in paragraph 41.

42.     Compass admits that, on August 28, 2019, Compass filed U.S. Provisional Patent Application No. 62/893,110 ("the '110 Application").  The text of the '110 Application speaks for itself.  Compass otherwise denies the allegations in paragraph 42.

43.     Compass admits that the two patent applications list the same inventors.  Compass otherwise denies the allegations in paragraph 43.

44.     Compass denies the allegations in paragraph 44.

45.     Compass denies the allegations in paragraph 45.

4932-6781-3423, v. 1

46.     The text of the '611 Application speaks for itself.  Compass otherwise denies the allegations in paragraph 46.

47.     Compass admits that Hurley and Thompson (among others) joined a call on or around September 5, 2019.  Compass denies the allegations in paragraph 47.

48.     Compass admits that it filed U.S. Patent Application No. 17/604,610 on October 18, 2021.  The text of the patent speaks for itself.  Compass otherwise denies the allegations in paragraph 48.

49.     Compass admits that it filed (a) U.S. Patent Application No. 17/604,606 on October 18, 2021; (b) U.S. Patent Application No. 17/604,619 on October 18, 2021; (c) U.S. Patent Application No. 17/540,962 on December 2, 2021; (d) U.S. Patent Application 18/077,876 on December 7, 2022; (e) PCT/IB2020/053688 on April 17, 2020; (f) PCT/IB2020/053687 on April 17, 2020; and (g) PCT/IB2020/053684 on April 17, 2020.  Compass also admits that U.S. Patent Application No. 17/540,962 issued as U.S. Patent No. 11,564,935.  Compass denies the remaining allegations in paragraph 49.

50.     Compass is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 50 and, therefore, denies such allegations.

***Compass Intentionally Developed and Executed its Fraudulent Scheme***

51.     Compass admits that paragraph 51 purports to quote from an article, which speaks for itself.  Compass denies the truth (and/or suggestions) of the contents of the article, and otherwise denies the allegations in paragraph 51.

***Terran Licenses Technology and Intellectual Property from UMB***

52.     Compass is without sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 52 and, therefore, denies such allegations.

4932-6781-3423, v. 1

53.     Compass is without sufficient information or knowledge to form a belief as to the

truth of the allegations in paragraph 53 and, therefore, denies such allegations.

**Count I (By Terran and UMB)**
**Misappropriation of Trade Secrets**
**Defend Trade Secrets Act (18 U.S.C. § 1831 *et seq.*)**

54.     Paragraph 54 does not require response.

55.     Compass denies the allegations in paragraph 55.

56.     Compass denies the allegations in paragraph 56.

57.     Compass denies the allegations in paragraph 57.

58.     Compass denies the allegations in paragraph 58.

59.     Compass denies the allegations in paragraph 59.

60.     Compass denies the allegations in paragraph 60.

61.     Paragraph 61 states a legal conclusion to which no response is required.  To the

extent a response is required, Compass denies the allegations in paragraph 61.

62.     Compass denies the allegations in paragraph 62.

63.     Compass denies the allegations in paragraph 63.

64.     Compass denies the allegations in paragraph 64.

65.     Compass denies the allegations in paragraph 65.

66.     Compass denies the allegations in paragraph 66.

67.     Compass denies the allegations in paragraph 67.

68.     Compass denies the allegations in paragraph 68.

69.     Compass denies the allegations in paragraph 69.

**Count II (By Terran, UMB, and Professor Thompson)**
**Misappropriation of Trade Secrets**
**Maryland Uniform Trade Secrets Act (Md. Code Ann. Com. Law. § 11-1201 *et seq.*)**

70.     Paragraph 70 does not require response.

4932-6781-3423, v. 1

71.     The first sentence of paragraph 71 states a legal conclusion to which no response is required.  To the extent a response is required, Compass denies the allegations in paragraph 71. Compass is without sufficient information or knowledge to form a belief as to the truth of the allegations in remainder of paragraph 71 and, therefore, denies such allegations.

72.     Compass denies the allegations in paragraph 72.

73.     Compass denies the allegations in paragraph 73.

74.     Compass denies the allegations in paragraph 74.

75.     Compass denies the allegations in paragraph 75.

76.     Compass denies the allegations in paragraph 76.

77.     Paragraph 77 states a legal conclusion to which no response is required.  To the extent a response is required, Compass denies the allegations in paragraph 77.

78.     Compass denies the allegations in paragraph 78.

79.     Compass denies the allegations in paragraph 79.

80.     Compass denies the allegations in paragraph 80.

81.     Compass denies the allegations in paragraph 81.

82.     Compass denies the allegations in paragraph 82.

83.     Compass denies the allegations in paragraph 83.

84.     Compass denies the allegations in paragraph 84.

85.     Compass denies the allegations in paragraph 85.

**Count III (By Terran, UMB, and Professor Thompson)**
**Unfair Competition**

86.     Paragraph 86 does not require response.

87.     Compass denies the allegations in paragraph 87.

88.     Compass denies the allegations in paragraph 88.

4932-6781-3423, v. 1

89.     Compass denies the allegations in paragraph 89.

90.     Compass denies the allegations in paragraph 90.

91.     Compass denies the allegations in paragraph 91.

**Count IV (By UMB and Professor Thompson)**
**Detrimental Reliance/Promissory Estoppel**

92.     Paragraph 92 does not require response.

93.     Compass denies the allegations in paragraph 93.

94.     Compass denies the allegations in paragraph 94.

95.     Compass denies the allegations in paragraph 95.

96.     Compass denies the allegations in paragraph 96.

97.     Compass denies the allegations in paragraph 97.

**Count V (By UMB and Professor Thompson)**
**Unjust Enrichment**

98.     Paragraph 98 does not require response.

99.     Compass denies the allegations in paragraph 99.

100.    Compass denies the allegations in paragraph 100.

101.    Compass denies the allegations in paragraph 101.

102.    Compass denies the allegations in paragraph 102.

**Count VI (By UMB and Professor Thompson)**
**Quantum Meruit/Implied-In-Fact Contract**

103.    Paragraph 103 does not require response.

104.    Compass admits that it has not identified a fully signed copy of the NDA with UMB

and/or Thompson.  The second sentence of paragraph 104 contains conclusions and contentions of

law to which no response is required.  To the extent a response is required, Compass denies the

remaining allegations in paragraph 104.

4932-6781-3423, v. 1

105.    Compass denies the allegations in paragraph 105.

106.    Compass denies the allegations in paragraph 106.

107.    Compass denies the allegations in paragraph 107.

108.    Compass denies the allegations in paragraph 108.

**Count VII (By UMB and Professor Thompson)**
**Fraudulent Misrepresentation**

109.    Paragraph 109 does not require response.

110.    Compass denies the allegations in paragraph 110.

111.    Compass denies the allegations in paragraph 111.

112.    Compass denies the allegations in paragraph 112.

113.    Compass denies the allegations in paragraph 113.

114.    Compass denies the allegations in paragraph 114.

**Count VIII (By UMB and Professor Thompson)**
**Negligent Misrepresentation**

115.    Paragraph 115 does not require response.

116.    Compass denies the allegations in paragraph 116.

117.    Compass denies the allegations in paragraph 117.

118.    Compass denies the allegations in paragraph 118.

119.    Compass denies the allegations in paragraph 119.

120.    Compass denies the allegations in paragraph 120.

121.    Compass denies the allegations in paragraph 121.

**Count IX (By UMB and Professor Thompson)**
**Fraudulent Concealment**

122.    Paragraph 122 does not require response.

123.    Compass denies the allegations of paragraph 123.

12

124.    Compass denies the allegations in paragraph 124.

125.    Compass denies the allegations in paragraph 125.

126.    Compass denies the allegations in paragraph 126.

**Count X (By UMB and Professor Thompson)**
**Constructive Fraud**

127.    Paragraph 127 does not require response.

128.    Compass denies the allegations in paragraph 128.

129.    Compass denies the allegations in paragraph 129.

130.    Compass denies the allegations in paragraph 130.

**Count XI (By Professor Thompson)**
**Breach of Contract**

131.    Paragraph 131 does not require response.

132.    Compass denies the allegations set forth in paragraph 132.

133.    Compass denies the allegations set forth in paragraph 133.

134.    Compass denies the allegations in paragraph 134.

135.    Compass denies the allegations in paragraph 135.

136.    Compass denies the allegations in paragraph 136.

**Prayer For Relief**

The Prayer for Relief section of the Complaint sets forth the relief requested by Plaintiffs, to which no further response is required.  To the extent a response is required, Compass denies the allegations that Plaintiffs are entitled to any relief.

**Jury Demand**

The Jury Demand section of the Complaint sets forth a demand for trial by jury, to which no response is required.

4932-6781-3423, v. 1

## DEFENSES AND AFFIRMATIVE DEFENSES

Without assuming any burden that it would not otherwise have under applicable law, Compass asserts the following defenses and affirmative defenses in response to Plaintiffs' Complaint. Compass incorporates by reference its responses above.

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

Plaintiffs' claims are barred by the doctrines of waiver, estoppel, and/or laches. By way of example only, Thompson and UMB filed a provisional patent application on August 13, 2019, which disclosed the co-administration of psilocybin and 5-HT2A antagonists. By their own conduct, Plaintiffs publicized the alleged Psilocybin Trade Secrets making it no longer secret. *See* TAC ¶¶ 2, 28.

### Third Defense

Plaintiffs' claims are barred by the relevant statutes of limitations. Discovery will uncover that one or more of Plaintiffs knew or should have known the factual basis for each of their claims such that their claims are barred by the relevant statutes of limitations.

### Fourth Defense

Plaintiffs' claims are barred because Plaintiffs have not suffered any damage as a result of the allegations in the Complaint. In the alternative, if Plaintiffs have been harmed as alleged (and denied), the harm was caused in whole or in part by Plaintiffs' own actions or inactions, and therefore, Plaintiffs are not entitled to relief. By way of example only, Plaintiffs only claim that they desire to bring a "non-hallucinogenic antidepressant therapy to market." *See* TAC ¶ 7. Plaintiffs have not in fact brought a "non-hallucinogenic antidepressant therapy to market."

14

Plaintiffs do not suggest any dollar amount or type of damages.  Compass, for its part, does not currently sell any product, nor does it have any clinical trials, using the combination therapy of ketanserin and psilocybin.  Therefore, Compass has not been unjustly enriched.

**Fifth Defense**

Plaintiffs' claims are barred because Compass was privileged or justified in doing the acts alleged.  By way of example only, Compass was permitted by law to conduct the complained-of acts.

**Sixth Defense**

The misappropriation of trade secrets claims fail because the alleged trade secrets do not qualify for protection and/or are not trade secrets.  Plaintiffs' own conduct confirms the information of the type alleged to have been misappropriated does not qualify for trade secret protection.  By way of example only, Plaintiffs acknowledged that, by 2016, it was already "known that 5-HT2A antagonists like ketanserin reduce or eliminate the negative hallucinogenic effects of psilocybin." TAC ¶ 1.

**Seventh Defense**

Plaintiffs' claims for damages are barred and/or reduced to the extent Plaintiffs failed to mitigate its damages.

**Eighth Defense**

Plaintiffs' claims are barred under the doctrine of unclean hands, estoppel, and or *in pari delicto*.  By way of example only, Thompson and UMB filed a provisional patent application on August 13, 2019 which disclosed the co-administration of psilocybin and 5-HT2A antagonists.  By their own conduct, Plaintiffs publicized the alleged Psilocybin Trade Secrets making it no longer secret.  *See* TAC ¶¶ 2, 28.

**Ninth Defense**

A permanent injunction would be improper because, among other things, Plaintiffs have not suffered any irreparable harm, and the balance of hardships and public interest do not favor an injunction in this case.  As mentioned above, Plaintiffs have not suffered any damage.

**Tenth Defense**

Personal jurisdiction over Compass is improper.  *See* Compass's Memorandum of Law in Support of its Motion to Dismiss Plaintiffs' TAC, Dkt. 93; *see also* Memorandum Opinion, Dkt. 122 at 39, n. 16 ("If necessary, the Court will revisit the issue at a later date.  *See Wellington Fin. Corp.*, 416 F.3d at 294 n.5 ('A threshold *prima facie* finding that personal jurisdiction is proper does not finally settle the issue; plaintiff must eventually prove the existence of personal jurisdiction by a preponderance of the evidence, either at trial or at a pretrial evidentiary hearing.') (citation omitted)").

**Reservation of Rights**

Compass reserves the right to assert additional defenses and/or to amend these defenses.

16

4932-6781-3423, v. 1

Dated:  March 27, 2025                              Respectfully Submitted,


                                                    COMPASS PATHFINDER LIMITED


Of Counsel (admitted *pro hac vice*):              By: _/s/ Jean E. Lewis_____
                                                       Jean E. Lewis (Federal Bar No. 27562)
             Michael H. Bunis                          Justin A. Redd (Federal Bar No. 18614)
             Anita M. C. Spieth                        KRAMON & GRAHAM, P.A.
   CHOATE, HALL & STEWART LLP                          One South Street, Suite 2600
        Two International Place                         Baltimore, MD 21202
           Boston, MA 02110                            Telephone: (410) 752-6030
     Telephone: (617) 248-5000                         Facsimile: (410) 539-1269
      Facsimile: (617) 248-4000                            jlewis@kg-law.com
         mbunis@choate.com                                 jredd@kg-law.com
        aspieth@choate.com


### CERTIFICATE OF SERVICE

   I HEREBY CERTIFY that on this 27th day of March 2025 a copy of the foregoing was

served via CM/ECF on all counsel of record.

                            _/s/ Jean E. Lewis_____


                                        17


4932-6781-3423, v. 1