**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

|  |  |
|---|---|
| TERRAN BIOSCIENCES, INC., UNIVERSITY OF MARYLAND, BALTIMORE, and SCOTT THOMPSON, <br><br> Plaintiffs, <br><br> v. <br><br> COMPASS PATHFINDER LIMITED (an England and Wales company), EKATERINA MALIEVSKAIA, M.D., and GEORGE GOLDSMITH, <br><br> Defendants. | Civil Action No. 1:22-cv-01956-ELH <br><br> **JURY TRIAL DEMANDED** |

## EKATERINA MALIEVSKAIA, M.D.'S ANSWER TO FOURTH AMENDED COMPLAINT

Defendant Ekaterina Malievskaia, M.D. ("Dr. Malievskaia") hereby answers the Fourth Amended Complaint (the "Complaint") of Plaintiffs Terran Biosciences, Inc. ("Terran"), University of Maryland, Baltimore ("UMB"), and Scott Thompson ("Thompson" or "Dr. Thompson" or "Professor Thompson") (collectively, "Plaintiffs"). To the extent not expressly admitted herein, Dr. Malievskaia denies the allegations of the Complaint. The headings employed by Plaintiffs throughout the Complaint are not assertions of law or fact, and therefore do not require a response. To the extent that the headings contained in the Complaint can be read to require a response, Dr. Malievskaia denies the allegations.

## FOURTH AMENDED COMPLAINT[1]

The opening sentence of Plaintiffs' Complaint does not require a response. To the extent a response is required, Dr. Malievskaia admits that Plaintiffs filed a Complaint against her.

---

[1] The headings used in Dr. Malievskaia's Answer are those used in Plaintiffs' Complaint and are incorporated herein for the sole purpose of tracking the paragraphs in the Complaint.

## Introduction

1.      Dr. Malievskaia admits that by 2016, it was known that 5-HT2A antagonists like ketanserin reduce or eliminate the negative hallucinogenic effects of psilocybin.  Dr. Malievskaia admits that by 2016, psilocybin's antidepressant therapeutic effects were also known.  Dr. Malievskaia denies the allegations in the first sentence of paragraph 1.  Dr. Malievskaia is otherwise without information or knowledge sufficient to form a belief as to the truth of the allegations in the remainder of paragraph 1 and, therefore, denies them on that basis.[2]

2.      Dr. Malievskaia admits, based on publicly available information, that on August 13, 2019, Professor Thompson filed a provisional patent application.  Dr. Malievskaia is without information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 2 and, therefore, denies them on that basis.  Dr. Malievskaia otherwise denies the allegations in paragraph 2.

3.      Dr. Malievskaia admits that in May 2019, she was the Co-Founder and Head of Research of Compass.  Dr. Malievskaia admits that Jessica Rose Stuart provided Professor Thompson with a document titled Mutual Non-Disclosure Agreement at her direction before Compass met with Professor Thompson.  Dr. Malievskaia admits that Professor Thompson returned a signed copy of the Mutual Non-Disclosure Agreement ("NDA") to Compass, and Compass confirmed receipt of the signed NDA.  Dr. Malievskaia admits Compass met with Professor Thompson remotely and in person.  Dr. Malievskaia otherwise denies the allegations in paragraph 3.

4.      Dr. Malievskaia denies the allegations in paragraph 4.

5.      Dr. Malievskaia denies the allegations in paragraph 5.

---

[2] References to paragraphs are references to the paragraphs in Plaintiffs' Complaint.

6.     Dr. Malievskaia denies the allegations in paragraph 6.

7.     Dr. Malievskaia is without information or knowledge sufficient to form a belief as to the truth of whether Terran entered into a licensing agreement with UMB and on what terms and, therefore, denies them on that basis. Dr. Malievskaia otherwise denies the allegations in paragraph 7.

8.     This paragraph does not require a response. To the extent a response is required, Dr. Malievskaia admits that Plaintiffs filed a Complaint against her for multiple causes of action seeking damages and other relief, but Dr. Malievskaia denies that Plaintiffs are entitled to damages or other relief.

**<u>The Parties</u>**

9.     Dr. Malievskaia is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 9 and, therefore, denies them on that basis.

10.     Dr. Malievskaia admits that the University of Maryland, Baltimore is a public university in Baltimore, Maryland.   Dr. Malievskaia is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 10 and, therefore, denies them on that basis.

11.     Dr. Malievskaia admits, on information and belief and publicly available information, that Dr. Scott Thompson was a Professor of Physiology at the University of Maryland School of Medicine and is currently a Professor of Psychiatry at the University of Colorado Anschutz School of Medicine.  Dr. Malievskaia is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 and, therefore, denies them on that basis.

12.     Admitted.

13.     Dr. Malievskaia admits that in June 2016, she and Mr. Goldsmith formed Compass Pathways Technologies Limited.  Dr. Malievskaia admits that in August 2020, Compass Pathways Limited was renamed Compass Pathfinder Limited.  Dr. Malievskaia admits that she served as a member of Compass's board of directors until March 29, 2024.  Dr. Malievskaia admits that she served as Compass's Head of Research and Development from January 2019 to January 2020, as Compass's Chief Medical Officer from June 2017 to 2019, and as Compass's Chief Innovation Officer from January 2020 through June 2023.  Dr. Malievskaia otherwise denies the allegations in paragraph 13.

14.     Dr. Malievskaia admits that in June 2016, she and Mr. Goldsmith formed Compass Pathways Technologies Limited.  Dr. Malievskaia admits that in August 2020, Compass Pathways Limited was renamed Compass Pathfinder Limited.  Dr. Malievskaia admits that Mr. Goldsmith served as Compass's Chief Executive Officer from its founding through August 1, 2022 and served as chairman of Compass's board of directors from its founding through March 29, 2024.  Dr. Malievskaia otherwise denies the allegations in paragraph 14.

15.     Dr. Malievskaia admits that she and Mr. Goldsmith were involved in work related to Compass's clinical trials that were related to Compass's proprietary synthetic crystalline formulation of psilocybin, which include sites in Maryland.  Dr. Malievskaia further admits that she and Mr. Goldsmith were involved in work related to the establishment of Compass Centres of Excellence, including the Compass Centre of Excellence at the Sheppard Pratt Institute for Advanced Diagnostics and Therapeutics in Baltimore, Maryland, United States.  Dr. Malievskaia otherwise denies the allegations in paragraph 15.

## Jurisdiction and Venue

16.     Paragraph 16 alleges a legal conclusion to which no response is required. To the extent a response is required, Dr. Malievskaia denies the allegations in paragraph 16.

17.     Paragraph 17 alleges a legal conclusion to which no response is required. To the extent a response is required, Dr. Malievskaia denies the allegations in paragraph 17.

18.     Paragraph 18 alleges a legal conclusion to which no response is required. To the extent a response is required, Dr. Malievskaia denies the allegations in paragraph 18.

19.     The first sentence of paragraph 19 alleges a legal conclusion to which no response is required. To the extent a response is required, Dr. Malievskaia denies the allegations set forth in the first sentence of paragraph 19.  Dr. Malievskaia otherwise denies the allegations in paragraph 19.

20.     Dr. Malievskaia admits that Compass conducted a clinical trial titled, "The Safety and Efficacy of Psilocybin in Participants with Treatment Resistant Depression," and that the study was submitted to the FDA's database for clinical trials on March 1, 2019 and completed on September 27, 2021.  Dr. Malievskaia further admits that in January 2021, Compass established a "Centre of Excellence in collaboration with the Sheppard Pratt Institute for Advanced Diagnostics and Therapeutics" to "carry out new research in the use of psilocybin therapy . . . ."  Dr. Malievskaia further admits that Compass has conducted other clinical trials related to psilocybin. Dr. Malievskaia otherwise denies the allegations in paragraph 20.

21.     Dr. Malievskaia is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 21 and, therefore, denies them on that basis.

22.     Paragraph 22 alleges a legal conclusion to which no response is required. To the extent a response is required, Dr. Malievskaia is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 22 and, therefore, denies them on that basis.

23.     Dr. Malievskaia admits that Compass's 2019-2021 clinical trial regarding "The Safety and Efficacy of Psilocybin in Participants With Treatment Resistant Depression (P- TRD)" had eight study locations within the United States including Sheppard Pratt in Baltimore, Maryland; La Jolla, San Diego, and Stanford, California; Atlanta, Georgia; New Orleans, Louisiana; New York, New York; and Houston, Texas.  Dr. Malievskaia admits that Compass conducted seven more clinical trials in the U.S. located outside of Maryland including a study which began on July 20, 2020, with locations in La Jolla and San Diego, California; Atlanta, Georgia; and Houston, Texas.  Dr. Malievskaia admits that Compass had a study beginning on September 15, 2020, with La Jolla, California as the sole United States location and another study located in New York, New York, co-sponsored by UCLA, beginning on February 26, 2021.  Dr. Malievskaia otherwise denies the allegations in paragraph 23.

24.     Dr. Malievskaia denies that there was any fraudulent scheme giving rise to this lawsuit.  Dr. Malievskaia admits that on August 28, 2019, Compass filed U.S. Provisional Patent Application No. 62/893,110 and on August 29, 2019, Compass filed U.S. Provisional Patent Application No. 62/893/611.  Dr. Malievskaia further admits that Compass has filed non-provisional patent applications relating to psilocybin. Dr. Malievskaia otherwise denies the remaining allegations in paragraph 24.

25.     Dr. Malievskaia admits that Compass filed for eight trademarks in the United States,  including the filing of Word Mark Nos. 79302207 and 79301429 on September 17, 2020 for "Compass" and "Compass Pathways," and that Compass noted that they relate to, *inter alia*, "Psychoactive and psychedelic medicinal preparations for the treatment of depression, anxiety, bipolar disorder, post-traumatic stress disorder, and eating disorders."  Dr. Malievskaia otherwise denies the remaining allegations in paragraph 25.

26.     Paragraph 26 alleges a legal conclusion to which no response is required. To the extent a response is required, Dr. Malievskaia denies the allegations in paragraph 26.

**Factual Background**

***Psilocybin Trade Secrets and Confidential Information***

27.     Dr. Malievskaia admits, on information and belief and publicly available information, that Dr. Scott Thompson was a Professor of Physiology at the University of Maryland School of Medicine and is currently a Professor of Psychiatry at the University of Colorado Anschutz School of Medicine.  Dr. Malievskaia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 27 and, therefore, denies them on that basis.

28.     Dr. Malievskaia denies the allegations in the first sentence of paragraph 28, including, without limitation, the allegations regarding the existence of trade secrets.   Dr. Malievskaia is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations in paragraph 28 and, therefore, denies them on that basis.

29.     Dr. Malievskaia denies the allegations in paragraph 29.

30.     Dr. Malievskaia admits, on information and belief and publicly available information, that Professor Thompson and UMB filed U.S. Provisional Patent Application No. 62/886,090 (not No. 62/886,080), entitled "Combination Therapy with Broad Spectrum Serotonergic Agonists and Anti-Hallucinogenic Serotonergic Antagonists."   Dr. Malievskaia denies the remaining allegations in paragraph 30.

***Defendants Reach Out To UMB Regarding Professor Thompson's Research***

31.     Dr. Malievskaia admits that on May 16, 2019, she corresponded with Professor Todd Gould and that her email contains the language quoted in paragraph 31. Dr. Malievskaia

further admits that Professor Gould directed her to Professor Thompson.  Dr. Malievskaia denies the remaining allegations in paragraph 31.

32.    Dr. Malievskaia admits that on May 29, 2019, Jessica Rose Stuart sent Professor Thompson a document titled Mutual Non-Disclosure Agreement.  Dr. Malievskaia further admits that the NDA included a signature line for Mr. Goldsmith and listed him as "Executive Chairman, Co-founder" of Compass.  Dr. Malievskaia further admits that Professor Thompson signed the NDA on May 29, 2019.  Dr. Malievskaia further admits that on May 30, 2019, Manon Veraart acknowledged receipt of Professor Thompson's signed NDA.  The allegations relating to the obligations resulting from the NDA are legal conclusions that require no response.  To the extent a response is required, Dr. Malievskaia denies them.  Dr. Malievskaia denies the remaining allegations of paragraph 32.

33.    Dr. Malievskaia admits that on May 31, 2019, she, Professor Thompson, and Professor Gould held a call regarding the molecular mechanisms of psilocybin.  Dr. Malievskaia is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 33 and, therefore, denies them on that basis.

34.    Dr. Malievskaia admits that on June 12, 2019, she emailed Professor Thompson to ask for a "very short version of the proposed studies and rough budget."  Dr. Malievskaia further admits that on June 13, 2019, Professor Gould sent a scientific proposal and proposed budget.  Dr. Malievskaia further admits that she confirmed receipt of the proposal and requested a follow-up call.  Dr. Malievskaia otherwise denies the allegations in paragraph 34.

35.    Dr. Malievskaia admits that on June 18, 2019, Dr. Shaun Hurley, a Research Scientist at Compass, emailed Dr. Thompson stating that Compass was "excited to read about the interesting questions you'd like to explore using psilocybin" and "share[d] some questions"

concerning Thompson's proposal. Dr. Malievskaia further admits that the message contained the language quoted in paragraph 35. Dr. Malievskaia otherwise denies the allegations in paragraph 35.

36.     Dr. Malievskaia admits that Professor Thompson and Professor Gould responded to Compass's questions on June 21, 2019. Dr. Malievskaia denies the remaining allegations in paragraph 36.

37.     Dr. Malievskaia admits that Compass and UMB worked on a draft collaboration agreement intermittently for several months. Dr. Malievskaia denies the remaining allegations in paragraph 37.

38.     Dr. Malievskaia admits that Dr. Hurley and Professor Thompson joined a call on or around September 5, 2019. Dr. Malievskaia also admits that Dr. Hurley and Professor Thompson corresponded via email following the call. Dr. Malievskaia denies the remaining allegations in paragraph 38.

39.     Dr. Malievskaia admits that Dr. Hurley and Professor Thompson corresponded via email and the messages contained the language quoted in paragraph 39. Dr. Malievskaia otherwise denies the allegations in paragraph 39.

40.     Dr. Malievskaia admits that Compass sent UMB a draft collaboration agreement on or around October 20, 2019. Dr. Malievskaia otherwise denies the allegations in paragraph 40.

41.     Dr. Malievskaia admits that on November 20, 2019, Dr. Hurley emailed Professor Thompson and the message contained the language quoted in paragraph 41. Dr. Malievskaia denies the remaining allegations in paragraph 41.

### *Defendants File For Patent Applications Related To The Psilocybin Trade Secrets*

42.     Dr. Malievskaia denies the allegations in paragraph 42.

43.    Dr. Malievskaia admits that, on August 29, 2019, Compass filed U.S. Provisional Patent Application No. 62/893,611 (the "'611 Application").  Dr. Malievskaia otherwise denies the allegations in paragraph 43.

44.    Dr. Malievskaia admits that, on August 28, 2019, Compass filed U.S. Provisional Patent Application No. 62/893,110 (the "'110 Application").  Dr. Malievskaia otherwise denies the allegations in paragraph 44.

45.    Dr. Malievskaia admits that the two patent applications list the same inventors.  Dr. Malievskaia otherwise denies the allegations in paragraph 45.

46.    Dr. Malievskaia denies the allegations in paragraph 46.

47.    Dr. Malievskaia denies the allegations in paragraph 47.

48.    Dr. Malievskaia admits that the '611 Application contains the language quoted in paragraph 48.  Dr. Malievskaia otherwise denies the allegation in paragraph 48.

49.    Dr. Malievskaia admits that Dr. Hurley and Professor Thompson joined a call on or around September 5, 2019.  Dr. Malievskaia otherwise denies the allegations in paragraph 49.

50.    Dr. Malievskaia admits that Compass filed U.S. Patent Application No. 17/604,610 on October 18, 2021.  Dr. Malievskaia admits that on August 25, 2022, Compass cancelled 137 of the 162 originally presented claims in that application.  Dr. Malievskaia otherwise denies the allegations in paragraph 50.

51.    Dr. Malievskaia admits that Compass filed U.S. Patent Application No. 17/604,606 on October 18, 2021, U.S. Patent Application No. 17/604,619 on October 18, 2021, U.S. Patent Application No. 17/540,962 on December 2, 2021, U.S. Patent Application 18/077,876 on December 7, 2022, PCT/IB2020/053688 on April 17, 2020, PCT/IB2020/053687 on April 17, 2020, and PCT/IB2020/053684 on April 17, 2020. Dr. Malievskaia also admits that U.S. Patent

Application No. 17/540,962 issued as U.S. Patent No. 11,564,935.  Dr. Malievskaia denies the remaining allegations in paragraph 51.

52.    Dr. Malievskaia is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 52 and, therefore, denies them on that basis.

### *Defendants Intentionally Developed and Executed their Fraudulent Scheme*

53.    Dr. Malievskaia admits that paragraph 53 purports to quote from an article, which speaks for itself.  Dr. Malievskaia denies the truth (and/or suggestions) of the contents of the article, and otherwise denies the allegations in paragraph 53.

### *Terran Licenses Technology and Intellectual Property from UMB*

54.    Dr. Malievskaia is without sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 54 and, therefore, denies them on that basis.

55.    Dr. Malievskaia is without sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 55 and, therefore, denies them on that basis.

### Count I (By Terran and UMB; Against All Defendants)
### Misappropriation of Trade Secrets
### Defend Trade Secrets Act (18 U.S.C. § 1831 *et seq.*)

56.    Dr. Malievskaia incorporates by reference her responses contained in paragraphs 1–55 above.

57.    Dr. Malievskaia denies the allegations in paragraph 57.

58.    Dr. Malievskaia denies the allegations in paragraph 58.

59.    Dr. Malievskaia denies the allegations in paragraph 59.

60.    Dr. Malievskaia denies the allegations in paragraph 60.

61.    Dr. Malievskaia denies the allegations in paragraph 61.

62.    Dr. Malievskaia denies the allegations in paragraph 62.

63.    Paragraph 63 states a legal conclusion to which no response is required. To the extent a response is required, Dr. Malievskaia denies the allegations in paragraph 63.

64.    Dr. Malievskaia denies the allegations in paragraph 64.

65.    Dr. Malievskaia denies the allegations in paragraph 65.

66.    Dr. Malievskaia denies the allegations in paragraph 66.

67.    Dr. Malievskaia denies the allegations in paragraph 67.

68.    Dr. Malievskaia denies the allegations in paragraph 68.

69.    Dr. Malievskaia denies the allegations in paragraph 69.

70.    Dr. Malievskaia denies the allegations in paragraph 70.

71.    Dr. Malievskaia denies the allegations in paragraph 71.

**Count II (By Terran, UMB, and Professor Thompson; Against All Defendants)**
**Misappropriation of Trade Secrets**
**Maryland Uniform Trade Secrets Act (Md. Code Ann. Com. Law § 11-1201 e*t seq.*)**

72.    Dr. Malievskaia incorporates by reference her responses contained in paragraphs 1–71 above.

73.    The first sentence of paragraph 73 states a legal conclusion to which no response is required. To the extent a response is required, Dr. Malievskaia denies the allegations in paragraph 73.  Dr. Malievskaia is without sufficient information or knowledge to form a belief as to the truth of the allegations in remainder of paragraph 73 and, therefore, denies them on that basis.

74.    Dr. Malievskaia denies the allegations in paragraph 74.

75.    Dr. Malievskaia denies the allegations in paragraph 75.

76.    Dr. Malievskaia denies the allegations in paragraph 76.

77.    Dr. Malievskaia denies the allegations in paragraph 77.

78.    Dr. Malievskaia denies the allegations in paragraph 78.

79.     Paragraph 79 states a legal conclusion to which no response is required. To the extent a response is required, Dr. Malievskaia denies the allegations in paragraph 79.

80.     Dr. Malievskaia denies the allegations in paragraph 80.

81.     Dr. Malievskaia denies the allegations in paragraph 81.

82.     Dr. Malievskaia denies the allegations in paragraph 82.

83.     Dr. Malievskaia denies the allegations in paragraph 83.

84.     Dr. Malievskaia denies the allegations in paragraph 84.

85.     Dr. Malievskaia denies the allegations in paragraph 85.

86.     Dr. Malievskaia denies the allegations in paragraph 86.

87.     Dr. Malievskaia denies the allegations in paragraph 87.

**Count III (By Terran, UMB, and Professor Thompson; Against All Defendants)**
**Unfair Competition**

88.     Dr. Malievskaia incorporates by reference her responses contained in paragraphs 1–87 above.

89.     Dr. Malievskaia denies the allegations in paragraph 89.

90.     Dr. Malievskaia denies the allegations in paragraph 90.

91.     Dr. Malievskaia denies the allegations in paragraph 91.

92.     Dr. Malievskaia denies the allegations in paragraph 92.

93.     Dr. Malievskaia denies the allegations in paragraph 93.

**Count IV (By UMB and Professor Thompson; Against All Defendants)**
**Detrimental Reliance/Promissory Estoppel**

94.     Dr. Malievskaia incorporates by reference her responses contained in paragraphs 1–93 above.

95.     Dr. Malievskaia denies the allegations in paragraph 95.

96.     Dr. Malievskaia denies the allegations in paragraph 96.

97. Dr. Malievskaia denies the allegations in paragraph 97.

98. Dr. Malievskaia denies the allegations in paragraph 98.

99. Dr. Malievskaia denies the allegations in paragraph 99.

**Count V (By UMB and Professor Thompson; Against All Defendants)**
**Unjust Enrichment**

100. Dr. Malievskaia incorporates by reference her responses contained in paragraphs 1–99 above.

101. Dr. Malievskaia denies the allegations in paragraph 101

102. Dr. Malievskaia denies the allegations in paragraph 102.

103. Dr. Malievskaia denies the allegations in paragraph 103.

104. Dr. Malievskaia denies the allegations in paragraph 104.

**Count VI (By UMB and Professor Thompson; Against All Defendants)**
**Quantum Meruit/Implied-In-Fact Contract**

105. Dr. Malievskaia incorporates by reference her responses contained in paragraphs 1–104 above.

106. Dr. Malievskaia denies the allegations in paragraph 106.

107. Dr. Malievskaia denies the allegations in paragraph 107.

108. Dr. Malievskaia denies the allegations in paragraph 108.

109. Dr. Malievskaia denies the allegations in paragraph 109.

110. Dr. Malievskaia denies the allegations in paragraph 110.

**Count VII (By UMB and Professor Thompson; Against All Defendants)**
**Fraudulent Misrepresentation**

111. Dr. Malievskaia incorporates by reference her responses contained in paragraphs 1–110 above.

112. Dr. Malievskaia denies the allegations in paragraph 112.

113.    Dr. Malievskaia denies the allegations in paragraph 113.

114.    Dr. Malievskaia denies the allegations in paragraph 114.

115.    Dr. Malievskaia denies the allegations in paragraph 115

116.    Dr. Malievskaia denies the allegations in paragraph 116.

**Count VIII (By UMB and Professor Thompson; Against All Defendants)**
**Negligent Misrepresentation**

117.    Dr. Malievskaia incorporates by reference her responses contained in paragraphs

1–116 above.

118.    Dr. Malievskaia denies the allegations in paragraph 118.

119.    Dr. Malievskaia denies the allegations in paragraph 119.

120.    Dr. Malievskaia denies the allegations in paragraph 120.

121.    Dr. Malievskaia denies the allegations in paragraph 121.

122.    Dr. Malievskaia denies the allegations in paragraph 122.

123.    Dr. Malievskaia denies the allegations in paragraph 123.

**Count IX (By UMB and Professor Thompson; Against All Defendants)**
**Fraudulent Concealment**

124.    Dr. Malievskaia incorporates by reference her responses contained in paragraphs

1–123 above.

125.    Dr. Malievskaia denies the allegations in paragraph 125.

126.    Dr. Malievskaia denies the allegations in paragraph 126.

127.    Dr. Malievskaia denies the allegations in paragraph 127.

128.    Dr. Malievskaia denies the allegations in paragraph 128.

**Count X (By UMB and Professor Thompson; Against All Defendants)**
**Constructive Fraud**

129.    Dr. Malievskaia incorporates by reference her responses contained in paragraphs 1–128 above.

130.    Dr. Malievskaia denies the allegations in paragraph 130.

131.    Dr. Malievskaia denies the allegations in paragraph 131.

132.    Dr. Malievskaia denies the allegations in paragraph 132.

**Count XI (By Professor Thompson; Against Compass)**
**Breach of Contract**

133.    Dr. Malievskaia incorporates by reference her responses contained in paragraphs 1–132 above.

134.    No answer is required to the allegations in paragraph 134 of the Complaint because Compass is a separate party in this matter, and Dr. Malievskaia understands that Compass has responded to any allegations directed to it.   To the extent a response is required, Dr. Malievskaia denies the allegations in paragraph 134.

135.    No answer is required to the allegations in paragraph 135 of the Complaint because Compass is a separate party in this matter, and Dr. Malievskaia understands that Compass has responded to any allegations directed to it.   To the extent a response is required, Dr. Malievskaia denies the allegations in paragraph 135.

136.    No answer is required to the allegations in paragraph 136 of the Complaint because Compass is a separate party in this matter, and Dr. Malievskaia understands that Compass has responded to any allegations directed to it.   To the extent a response is required, Dr. Malievskaia denies the allegations in paragraph 136.

137.    No answer is required to the allegations in paragraph 137 of the Complaint because Compass is a separate party in this matter, and Dr. Malievskaia understands that Compass has

responded to any allegations directed to it.   To the extent a response is required, Dr. Malievskaia denies the allegations in paragraph 137.

138.    No answer is required to the allegations in paragraph 138 of the Complaint because Compass is a separate party in this matter, and Dr. Malievskaia understands that Compass has responded to any allegations directed to it.   To the extent a response is required, Dr. Malievskaia denies the allegations in paragraph 138.

### Prayer for Relief

The Prayer for Relief section of the Complaint sets forth the relief requested by Plaintiffs, to which no further response is required. To the extent a response is required, Dr. Malievskaia denies the allegations that Plaintiffs are entitled to any relief.

### Jury Demand

The Jury Demand section of the Complaint sets forth a demand for trial by jury, to which no response is required.

### DEFENSES AND AFFIRMATIVE DEFENSES

Without assuming any burden that it would not otherwise have under applicable law, Dr. Malievskaia asserts the following defenses and affirmative defenses in response to Plaintiffs' Complaint.  Dr. Malievskaia incorporates by reference her responses above.

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

Plaintiffs' claims are barred by the doctrines of waiver, estoppel, and/or laches.  By way of example only, Professor Thompson and UMB filed a provisional patent application on August 13, 2019, which disclosed the co-administration of psilocybin and 5-HT2A antagonists.  By their own

conduct, Plaintiffs publicized the alleged Psilocybin Trade Secrets making it no longer secret. *See* TAC ¶¶ 2, 28.

### Third Defense

Plaintiffs' claims are barred by the relevant statutes of limitations.  Discovery will uncover that one or more of Plaintiffs knew or should have known the factual basis for each of their claims such that their claims are barred by the relevant statutes of limitations.

### Fourth Defense

Plaintiffs' claims are barred because Plaintiffs have not suffered any damage as a result of the allegations in the Complaint.  In the alternative, if Plaintiffs have been harmed as alleged (and denied), the harm was caused in whole or in part by Plaintiffs' own actions or inactions, and therefore, Plaintiffs are not entitled to relief.  By way of example only, Plaintiffs only claim that they desire to bring a "non-hallucinogenic antidepressant therapy to market." *See* TAC ¶ 7.  Plaintiffs have not in fact brought a "non-hallucinogenic antidepressant therapy to market."  Plaintiffs do not suggest any dollar amount or type of damages.  Dr. Malievskaia does not currently sell any product, nor does she have any clinical trials, using the combination therapy of ketanserin and psilocybin. Therefore, Dr. Malievskaia has not been unjustly enriched.

### Fifth Defense

Plaintiffs' claims are barred because Dr. Malievskaia was privileged or justified in doing the acts alleged. By way of example only, Dr. Malievskaia was permitted by law to conduct the complained-of acts.

### Sixth Defense

The misappropriation of trade secrets claims fail because the alleged trade secrets do not qualify for protection and/or are not trade secrets.  Plaintiffs' own conduct confirms the information of the type alleged to have been misappropriated does not qualify for trade secret

protection.  By way of example only, Plaintiffs acknowledged that, by 2016, it was already "known that 5-HT2A antagonists like ketanserin reduce or eliminate the negative hallucinogenic effects of psilocybin."  Complaint ¶ 1.

### Seventh Defense

Plaintiffs' claims for damages are barred and/or reduced to the extent Plaintiffs failed to mitigate its damages.

### Eighth Defense

Plaintiffs' claims are barred under the doctrine of unclean hands, estoppel, and or in *pari delicto*.  By way of example only, Professor Thompson and UMB filed a provisional patent application on August 13, 2019 which disclosed the co-administration of psilocybin and 5-HT2A antagonists.  By their own conduct, Plaintiffs publicized the alleged Psilocybin Trade Secrets making it no longer secret.  *See* Complaint ¶¶ 2, 30.

### Ninth Defense

A permanent injunction would be improper because, among other things, Plaintiffs have not suffered any irreparable harm, and the balance of hardships and public interest do not favor an injunction in this case.  As mentioned above, Plaintiffs have not suffered any damage.

### Reservation of Rights

Dr. Malievskaia reserves the right to assert additional defenses and/or to amend these defenses.

### Demand for Jury Trial

Dr. Malievskaia respectfully demands a jury trial on all issues so triable.

Dated: August 6, 2025

OF COUNSEL:

John M. Desmarais (admitted *pro hac vice*)
Steven M. Balcof (admitted *pro hac vice*)
Joze Welsh (admitted *pro hac vice*)
Asim Zaidi (admitted *pro hac vice*)
Gillian Moore (admitted *pro hac vice*)
Davis A. Gonsalves-DeDobbelaere (admitted
*pro hac vice*)
**DESMARAIS LLP**
230 Park Ave., 26th Fl. New York, NY 10169
Telephone: (212) 351-3400
Facsimile: (212) 351-3401
JDesmarais@desmaraisllp.com
SBalcof@desmaraisllp.com
JWelsh@desmaraisllp.com
AZaidi@desmaraisllp.com
GMoore@desmaraisllp.com
DGgonsalves-dedobbelaere@desmaraisllp.com

By:    */s/ Jean E. Lewis*
       Jean E. Lewis (Bar No. 27562)
       Justin A. Redd (Bar No. 18614)
       **KRAMON & GRAHAM, P.A.**
       750 East Pratt Street, Suite 1100
       Baltimore, MD 21202
       Telephone: (410) 752-6030
       Facsimile: (410) 539-1269
       jlewis@kg-law.com
       jredd@kg-law.com

       *Attorneys for Defendant*
       *Ekaterina Malievskaia, M.D.*

20

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-102(1)(c) on August 6, 2025.  A paper copy of this document will be delivered to the Court pursuant to Local Rule CV-105(1)(a).

*/s/ Jean E. Lewis*
Jean E. Lewis (Bar No. 27562)