UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| TERRAN BIOSCIENCES, INC., UNIVERSITY OF MARYLAND, BALTIMORE, and SCOTT THOMPSON,<br><br>*Plaintiffs*,<br><br>v.<br><br>COMPASS PATHFINDER LIMITED, EKATERINA MALIEVSKAIA, M.D., and GEORGE GOLDSMITH,<br><br>*Defendants*. | Civil Action No. 1:22-cv-01956-ELH |

**PLAINTIFFS' LETTER TO THE HONORABLE ELLEN L. HOLLANDER
REGARDING DEPOSITION DISPUTES**

Plaintiffs submit this letter further to its August 11 Request for Hearing.  Plaintiffs have tried to work cooperatively with Defendants to schedule the depositions of key witnesses including Defendant George Goldsmith and Compass's former employee, Drummond McCulloch, but Defendants have rejected those efforts and have refused all reasonable requests to cooperate.  The Court's intervention is necessary to help the parties move forward cooperatively and to ensure an orderly and fair completion of fact discovery.

### I.     Defendants' Deposition of Defendant Goldsmith

Counsel for Defendants intend to proceed with a deposition of their own client, Defendant George Goldsmith, in Milan, Italy this Wednesday, August 13.  As the Court knows, Goldsmith is a named party and at the center of the issues to be resolved in this case.  His deposition is of great importance to the resolution of this case. Plaintiffs have informed Defendants repeatedly that they cannot accommodate this deposition date for Defendant Goldsmith due to numerous conflicts including an unexpected medical leave. Meanwhile, Defendants have refused to address various document production deficiencies, and on Friday, produced documents reflecting an intentional subject matter waiver, all the while continuing to redact or withhold *other* documents that relate to that same subject. These issues make Defendants' insistence on proceeding with Defendant Goldsmith's deposition on Wednesday all the more unreasonable.

Despite Plaintiffs' informing Defendants that they cannot proceed with Mr. Goldsmith's deposition on August 13, Defendants issued their own Notice of Deposition just three business days prior, insisting they will proceed *unilaterally* with his deposition and will not make Mr. Goldsmith available on any other date.  This is not an efficient or practicable way to proceed with discovery of such an important witness especially one within Defendants' control. There are approximately two months left in discovery, which does not close until October 10, and thus there is no reason that Goldsmith cannot be deposed on a later date.

Plaintiffs have tried to cooperate with Defendants in good faith regarding deposition logistics, but have been met with resistance  On July 15, Plaintiffs noticed depositions of Defendants George Goldsmith and Ekaterina Malievskaia, and Compass witnesses Lars Wilde and Shaun Hurley.  On July 25 and July 29, Defendants finally responded by providing a *single* date per witness that each is purportedly available during the entire fact discovery period, which does not close until October 10. Ex. 1. According to Defendants, Defendants Malievskaia and Goldsmith are only available to be deposed on the same day (August 13), at the same time (5 a.m. ET), and only in Milan, Italy. Defendants have provided no explanation as to why the two named Defendants only are available on a single date during the discovery period and only in Italy, and Defendants' demand that the parties proceed with both named Defendants' depositions on the same day is unreasonable given that UMB is represented by one lawyer.

Plaintiffs nonetheless still sought to work cooperatively with Defendants regarding depositions, informing Defendants that Plaintiffs were "available to take Ekaterina Malievskaia's and George Goldsmith's depositions on August 13, and Lars Wilde's deposition on August 15, *provided that Compass will cooperate on reasonable logistics*." Ex. 1.[1] Unfortunately, Defendants thereafter

---

[1] Plaintiffs also undertook burdensome arrangements to accommodate Defendants' offered August 14 deposition date for Mr. Hurley, but  Plaintiffs then represented that he was no longer available.

1

refused to cooperate with Plaintiffs—including by refusing to agree to a reasonable start time that would be workable for both counsel in the U.S. and the witnesses, by demanding a 6 p.m. cut-off time across-the-board, and by outright refusing to make any witnesses available for a second day if needed to accommodate to complete the depositions given the time differences between counsel and the witnesses. *Id.*

Plaintiffs have made great efforts to try to accommodate the dates that Defendants provided, even offering to take Mr. Goldsmith's deposition just one day later on August 14, which Defendants refused.  Ex. 1 ("After that date [August 13], Mr. Goldsmith will return to his residence in Switzerland.").  It cannot be the case that because Plaintiffs are not available on the one day Defendants provided for Mr. Goldsmith's deposition they are now precluded from deposing a party to this action and an important witness whose name appears on numerous emails and documents including the relevant non-disclosure agreement at the heart of Plaintiffs' breach of contract claim.

Defendants should not be permitted to proceed unilaterally with Defendant Goldsmith's deposition without Plaintiffs' involvement, and Plaintiffs respectfully request that the Court instruct Defendants to work cooperatively with Plaintiffs regarding deposition scheduling and logistics, including by providing Defendant Goldsmith's alternative availability for deposition.

## II.     **Defendants' Refusal to Provide Deposition Availability for Dr. McCulloch**

Defendants have also rejected Plaintiffs' attempts to work cooperatively to schedule the deposition of another key witness, Dr. Drummond McCulloch. Dr. McCulloch is a former Compass employee who is central to the disputed events in this case.  Indeed, Defendants identified Dr. McCulloch as a relevant witness in their Rule 26 disclosures and further have confirmed his key role in the events at issue, including the '611 Patent Application central to this case, via written discovery responses. *See e.g.*, Ex. 2 (designated by Compass as Attorneys' Eyes Only and filed herewith under seal).

As the Court knows, Plaintiffs previously moved for, and the Court issued, a Letter of Request for Dr. McCulloch's testimony.  D.I. 187 & 195.  Defendants confirmed in their Rule 26 disclosures and via email that they did not represent Dr. McCulloch. Ex. 3. Counsel for Plaintiffs therefore contacted Dr. McCulloch, who responded and was willing to discuss deposition dates and logistics with Plaintiffs.  Mere minutes before a scheduled call with Dr. McCulloch, counsel for Defendants suddenly informed Plaintiffs that they represented Dr. McCulloch.  Defendants thereafter have refused to make Dr. McCulloch available for a voluntary deposition and have refused to provide dates for his availability even if the parties proceed under the formal Hague process. Danish counsel has informed Plaintiffs that it is necessary to provide Dr. McCulloch's availability to the Copenhagen local court in order to coordinate deposition scheduling with the Court's calendar.

Defendants' letter to the Court is the first time they have committed to providing deposition dates for Dr. McCulloch, and it is unfortunate that Plaintiffs had to raise the issue with the Court in order to secure Defendants' cooperation. Because Defendants have identified Dr. McCulloch as a relevant witness for their defense and counterclaims, relied on his knowledge and actions in discovery responses, to the extent Defendants do not in fact make Dr. McCulloch available for deposition during discovery, Plaintiffs respectfully submit that Defendants should not be permitted to rely on Dr. McCulloch at trial.

Respectfully Submitted,

/s/ *Steven Cherny*_____

Steven C. Cherny (admitted *pro hac vice*)
Matthew A. Traupman (admitted *pro hac vice*)
Nicola R. Felice (admitted *pro hac vice*)
Abigail M. Graegin (admitted *pro hac vice*)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
295 Fifth Avenue
New York, NY 10016
Tel: (212) 849-7000

Robert S. Brennen (Fed. Bar No. 04499)
Megan J. McGinnis (Fed. Bar No. 12810)
MILES & STOCKBRIDGE P.C. 100 Light Street Baltimore, Maryland 21202 T/F: (410) 385-3727 rbrennen@milesstockbridge.com
mmcginnis@milesstockbridge.com

Patrick D. Curran (admitted *pro hac vice*)
Kathleen Marini (admitted *pro hac vice*)
Ryan P. Gorman (admitted *pro hac vice*)
Alexandra O. Schelle (admitted *pro hac vice*)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
111 Huntington Ave, Suite 520
Boston, MA 02199
Tel: (617) 712-7100

Ramsay M. Whitworth (Fed. Bar #26251)
Andrew M. Harvey (Fed. Bar #21925)
SILVERMAN, THOMPSON, SLUTKIN &
WHITE
400 East Pratt Street, Suite 900
Baltimore, MD 21202
Telephone: (410) 385-2225
Facsimile: (410) 547-2432
rwhitworth@silvermanthompson.com
aharvey@silvermanthompson.com

*Attorneys for Plaintiffs Terran Biosciences Inc. and Professor Scott Thompson*

Steven E. Tiller (Bar #11085)
Whiteford, Taylor & Preston LLP
7 Saint Paul Street, Suite 1500
Baltimore, MD 21202
Telephone: (410) 347-9425
Facsimile: (410) 223-4325
stiller@whitefordlaw.com

*Attorney for Plaintiff*
*University of Maryland, Baltimore*

3