**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
**CHELSEA J. CRAWFORD**
**UNITED STATES MAGISTRATE JUDGE**

101 WEST LOMBARD STREET
**BALTIMORE, MARYLAND 21201**
MDD_CJCChambers@mdd.uscourts.gov
(410) 962-4560

November 24, 2025

**MEMORANDUM TO PARTIES RE:**    *Terran Biosciences, Inc.,* et al. *v. Compass Pathfinder Limited,* et al., Civil Action No. ELH-22-1956

Dear Counsel:

Pursuant to my November 14 Order, ECF No. 293, Defendants have submitted several documents for my *in-camera* review. I have reviewed the documents, and for the reasons explained below, hereby ORDER Defendants to produce the documents identified by Bates number in Section I of this Memorandum Order. Defendants shall produce the documents by Wednesday, November 26, unless the parties agree otherwise.

I.    **The redacted portions of emails from email chains on August 29 and 30 fall within the scope of the privilege waiver.**

Defendants must produce to Plaintiffs unredacted versions of the emails from August 29 and 30. Rule 502(a) of the Federal Rules of Evidence instructs that waiver of the attorney-client privilege or work-production protection extends to other undisclosed communications or information if: "(1) the waiver is intentional; (2) the disclosed and undisclosed communications or information concern the same subject matter; and (3) they ought in fairness to be considered together." Fed. R. Evid. 502(a); *see also Sky Angel U.S., LLC v. Discovery Commc'ns, LLC*, 885 F.3d 271, 276 (4th Cir. 2018) ("Rule 502(a) extends the intentional waiver of the attorney-client privilege to include communications concerning the same subject matter that ought to in fairness be considered together.").

There is no dispute here that Defendants' waiver of certain attorney-client privileged communications was intentional, and I have already determined that the scope, or subject matter of the waiver is defined as "all privileged communications leading to filing the '611 and '110 Applications and concerning Dr. McCulloch's PhD proposal." ECF No. 288. Thus, my *in-camera* review is limited to determining whether the redacted and/or undisclosed documents and communications fall within the scope of the waiver and, whether in fairness, they should be considered together with the disclosed documents and communications. I address these two issues together.

To place the redacted emails in context, it is necessary to understand the email chains in which the communications were made. The unredacted portions of the email chains from August

29 and 30 generally relate to internal discussions among Compass employees after they learned of a poster abstract of Dr. Scott Thompson's psilocybin-related research, which involved experiments with psilocybin and ketanserin. The unredacted emails reflect Compass's concern that the experiments Dr. Thompson performed for his research were the same experiments Dr. Thompson proposed for the collaboration with Compass. The emails further reflect that Compass employees wanted to hold a meeting to discuss the IP implications of the abstract. The redacted portions of the emails are narrow, limited, and relate specifically to requests for Nate Poulsen's input regarding the IP implications of Dr. Thompson's research. These redacted portions fall within the scope of the waiver and, in fairness, should be considered with the unredacted communications.

The redacted portions of the emails reflect Compass's own concerns about its IP rights and its need for guidance from Mr. Poulsen regarding those rights. Mr. Poulsen was serving as Compass's General Counsel and Chief Legal Officer at the time and was heavily involved in the filing of both the '110 and '611 patent applications. The requests for Mr. Poulsen's IP-related input at or near the same time that Compass was filing the '110 and '611 patent applications establish a clear nexus between the undisclosed and disclosed communications such that the redacted emails fall within the scope of the waiver. *See Rambus, Inc. v. Infineon Techs. AG*, 220 F.R.D. 264, 289 (E.D. Va. 2004) (provisionally finding that undisclosed communications related to the same subject matter as disclosed communications because "[s]uch documents share a common nexus").

Moreover, fairness dictates that the redacted communications be considered together with the unredacted communications. It is significant that the redacted and unredacted portions of the email communications are from the same email chains. The nature of the redactions—some of which comprise only part of an email in a larger chain—suggest that Defendants' production of the emails was highly selective, tactical, and potentially unfair. Fed. R. Evid. 502(a), Advisory Committee Notes ("[A] party that makes a selective, misleading presentation that is unfair to the adversary opens itself to a more complete and accurate presentation."). Requiring production of the email communications with no redactions levels the playing field and allows Plaintiffs to better understand the circumstances under which the patent applications were made. Accordingly, I find that the privilege waiver extends to the documents below, and Compass is ordered to produce the documents to Plaintiffs no later than Wednesday, November 26, unless otherwise agreed by the parties:

    COMPASS 86343
    COMPASS 86384
    COMPASS 86386
    COMPASS 86388
    COMPASS 86391
    COMPASS 86394
    COMPASS 86398/COMPASS 113925
    COMPASS 86402/COMPASS 113929
    COMPASS 86407/COMPASS 113934
    COMPASS 86412/COMPASS 113943
    COMPASS 86470/COMPASS 113973

COMPASS 86476/COMPASS 113979
COMPASS 86482/COMPASS 113985
COMPASS 105296
COMPASS 105761
COMPASS 105764
COMPASS 105847
COMPASS 105997
COMPASS 113921

**II.      All remaining documents submitted for *in-camera* review do not fall within the scope of the waiver and shall remain privileged.**

The remaining documents and communications identified below by Bates number/document identifier include redacted and withheld emails relating to a research agreement between Compass and the University of Maryland-Baltimore and an agreement with Compass and an unrelated party. The communications do not relate to the filing of the '110 and '611 patent applications or Dr. McCulloch's PhD proposal. Moreover, the Cooley attorney whom Plaintiffs believe may have played a role in the filing of the '110 and '611 applications, and who was also included on these communications, did not author any of the withheld emails, which further demonstrates the lack of any direct connection between the withheld material and the scope of the privilege waiver. Accordingly, the following documents and communications shall remain privileged and are not subject to disclosure:

COMPASS 113971
desc001_00162512
desc001_00162541
desc001_00162551
desc001_00162898
desc001_00188984
desc001_00315988
desc001_00315998
desc001_00316681
desc001_00316686
desc001_00316793
desc001_03197867

Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly.

Sincerely,

*/s/*

Chelsea J. Crawford
United States Magistrate Judge

3