UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHELSEA J. CRAWFORD
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
MDD_CJCChambers@mdd.uscourts.gov
(410) 962-4560

December 11, 2025

**MEMORANDUM TO PARTIES RE:**   *Terran Biosciences, Inc.,* et al. *v. Compass Pathfinder Limited,* et al., Civil Action No. ELH-22-1956

Dear Counsel:

      This Memorandum Order addresses the parties' dispute regarding drafts of a declaration of Compass's former outside counsel, Dr. Sandhya Deo, and communications between Compass's current litigation counsel and Dr. Deo regarding the same. Plaintiffs seek production of the prior drafts and communications on the ground that the materials are not protected from disclosure by the attorney-client privilege, work-product doctrine, or any other protection. For the reasons set forth below, Plaintiffs' request that the Court order Defendants to produce the materials is DENIED.

**I.**    **Relevant Factual Background**

      Dr. Deo previously worked at Cooley law firm where she served as outside counsel to Compass. During her time representing Compass, she was involved in the filing of the '110 and '611 patent applications. ECF No. 300-1. Defendants identified Dr. Deo in a supplement to their initial disclosures as a person with knowledge, leading Plaintiffs to depose Dr. Deo on November 11. ECF No. 300 at 1.[1] The evening before Dr. Deo's deposition, Defendants produced Dr. Deo's declaration and supporting exhibits. *Id*. During the deposition, Plaintiffs' counsel inquired into the preparation of the declaration, including questions regarding who authored the declaration, who selected the attached exhibits, and with whom Dr. Deo communicated regarding preparation of the document. ECF No. 300-3. The attorney representing Dr. Deo instructed her not to reveal any attorney-client privileged or work-product protected information. ECF No. 300-3 at 24–25. Counsel for Defendants joined the instruction and further instructed Dr. Deo not to reveal any material protected by the common interest privilege.

---

[1] Page numbers refer to the pagination of the Court's Case Management/Electronic Case Files system (CM/ECF) printed at the top of the cited document, except that page numbers of exhibits that are deposition transcripts refer to the page and line number of the deposition transcript.

Following Dr. Deo's deposition, Plaintiffs sought production of Dr. Deo's revisions to the draft declaration. Defendants have not agreed to produce such materials. ECF No. 298. The parties filed a joint dispute letter on November 20. ECF No. 296. Thereafter, the parties filed their position statements. ECF Nos. 298 (Defendants' statement), 300 (Plaintiffs' statement).

## II.  Analysis

As an initial matter, there is a critical difference between the *drafts* of Dr. Deo's declaration and the *final declaration* that was produced to Plaintiffs. There is no dispute that the latter document is not shielded from disclosure. Defendants produced the final, signed declaration to Plaintiffs the day before Dr. Deo's deposition and the contents of the declaration describe (and attach) communications for which Defendants waived attorney-client privilege. Indeed, Defendants previously produced to Plaintiffs most, if not all, the documents and communications cited in Dr. Deo's declaration.

The drafts of Dr. Deo's declaration are categorically different. The drafts are unfinished, unsigned documents prepared by Defendants' current litigation counsel for use in this case. *See* ECF No. 300-3 at 23:9–24:9. Defendants' current litigation counsel sent the draft declaration to Dr. Deo, who then made revisions. *See id.* The drafts, if disclosed, would reveal the declaration in its original form and the evolution of the declaration over time, including, potentially, the preparing attorneys' comments and any counter-edits they made in response to Dr. Deo's revisions. That information would, in turn, reveal the preparing attorneys' mental impressions and strategies in this case.

Courts have held that such information is considered work product. *See Mitura v. Finco Servs., Inc.*, 347 F.R.D. 299, 301 (S.D.N.Y. 2024) ("[T]he work product protection generally extends to an attorney's communications with a third party witness relating to the party's completion of the affidavit."); *Clemmons v. Acad. for Educ. Dev.*, 300 F.R.D. 6, 7–8 (D.D.C. 2013) (holding that draft declarations prepared by counsel and shared with third party witnesses were protected from disclosure by the work product doctrine); *Inst. for Dev. of Earth Awareness v. People for Ethical Treatment of Animals,* 272 F.R.D. 124, 125 (S.D.N.Y. 2011) ("The lawyer's drafts [of affidavits], which have not been adopted or executed by the non-party witness, do not lose their character as work product because a final executed version has been affirmatively used in the litigation.").

Plaintiffs take the position that the drafts are not work product because the declaration is merely a statement of purported facts from a third-party fact witness. Plaintiffs fail to appreciate three key points. First, it is a mistake to assume that the drafts reflect only Dr. Deo's edits, or that Dr. Deo's edits can be parsed from any work product of the preparing attorneys. This leads to the second point. While the contents of the final declaration merely recite purported facts from the declarant, the drafts, when viewed together, are not so static. Drafts are by their very nature dynamic; they reflect edits and revisions. And as explained above, here, the changing drafts could reveal the preparing attorneys' mental impressions.

Third, it is somewhat disingenuous to describe Dr. Deo as an ordinary third-party fact witness. She is Compass's former attorney. She represented Compass at the time of the filing of

the '110 and '611 patent applications. While she no longer works at Cooley and thus no longer serves as patent prosecution counsel for Compass, she maintains a duty of loyalty to her former client. *See* MODEL RULES OF PROF. CONDUCT R. 1.9 (A.B.A. 2019).

Because the draft declarations may reveal the mental impressions and strategies of Defendants' current litigation counsel, the drafts qualify as opinion work product and enjoy the highest protection from disclosure.[2] *See In re Allen*, 106 F.3d 582, 607 (4th Cir. 1997) (stating that opinion work product "enjoys a nearly absolute immunity and can be discovered only in very rare and extraordinary circumstances") (citation omitted).

Defendants' counsel did not waive the immunity afforded to their opinion work product by disclosing the drafts with Dr. Deo. Waiver only occurs if the attorney discloses the material to a third party "in circumstances in which there is a significant likelihood that an adversary or potential adversary in anticipated litigation will obtain it." *Cont'l Cas. Co. v. Under Armour, Inc.*, 537 F. Supp. 2d 761, 772 (D. Md. 2008). Here, Defendants' current litigation counsel shared the draft declaration with Compass's former attorney, a third party whose interests are aligned with Defendants in rebutting Plaintiffs' claims of theft of trade secrets. Nothing about the disclosure of the draft declaration to Dr. Deo raised the possibility that Plaintiffs would obtain it. Thus, I find no waiver of opinion work product. Accordingly, I need not reach whether the drafts are also protected by the attorney-client privilege or common interest privilege.

Finally, I address Plaintiffs' argument that the drafts fall within the scope of the privilege waiver. I disagree. Plaintiffs' principal argument is that Dr. Deo's declaration "focuses exclusively" on communications leading to the filing of the '611 and '110 applications and communications concerning Dr. McCulloch's PhD proposal. ECF No. 300 at 2. Because edits to the declaration necessarily relate to the same subject matter, Plaintiffs contend that the edits likewise fall squarely within the scope of the privilege waiver and are therefore discoverable. Yet, as explained above, the final declaration and the drafts preceding it are distinct. The drafts of the declaration relate to Defendants' litigation counsel's impressions and strategies concerning Dr. Deo's testimony. That Dr. Deo's testimony concerns the topic of the subject matter waiver (i.e. "privileged communications leading to the filing of the '611 and '110 Applications and concerning Dr. McCulloch's PhD proposal") does not mean that the edits concern the same. Plaintiffs' request is denied.

---

[2] Even if I were to take a different view and consider the draft declarations fact work product, Plaintiffs have made no argument that they have a "substantial need for the materials to prepare [their] case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii).

3

Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly.

          Sincerely,

          */s/*

          Chelsea J. Crawford
          United States Magistrate Judge