UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHELSEA J. CRAWFORD
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
MDD_CJCChambers@mdd.uscourts.gov
(410) 962-4560

February 10, 2026

**MEMORANDUM TO PARTIES RE:**     *Terran Biosciences, Inc.,* et al. *v. Compass Pathfinder Limited,* et al., Civil Action No. ELH-22-1956

Dear Counsel:

In a joint letter, dated January 7, 2026, the parties requested Court intervention to resolve a discovery dispute arising from the depositions of Plaintiffs' expert witnesses, Dr. Frederick Barrett and Dr. Gareth Macartney. ECF No. 329. Defendants contend that the witnesses obstructed their depositions by providing evasive and non-responsive answers. ECF No. 333 at 1. Defendants further contend that Plaintiffs' counsel obstructed the depositions by lodging improper speaking and coaching objections. ECF No. 333 at 1. Defendants ask this Court to: (1) grant Defendants additional time to depose the witnesses, (2) direct the witnesses to provide concise answers to Defendants' questions, and (3) prohibit Plaintiffs' counsel from making improper objections. ECF No. 333 at 3. Plaintiffs dispute that their expert witnesses or counsel engaged in any improper conduct during the depositions and oppose Defendants' requested relief. ECF No. 332 at 4.

Each party has filed a position statement and supporting exhibits.[1] *See* ECF Nos. 332–33. No hearing is necessary to resolve this dispute. Loc. R. 105.6 (D. Md. 2025). For the reasons set forth below, Defendants' request for relief is DENIED.

I.     **Relevant Background**

Just before the close of discovery, on November 19 and 20, Defendants took the depositions of Dr. Barrett and Dr. Macartney. ECF No. 332 at 29, 508. Each deposition lasted an entire day. ECF No. 332 at 29, 508, 586. Dr. Barrett's deposition began at 9:22 a.m. and

---

[1] The Court granted the parties' requests to file their position statements and supporting exhibits under seal, given that the filings contain information subject to the parties' Confidentiality Order. *See* ECF Nos. 186, 331, 334, 340. Because portions of this Memorandum Opinion also describe information subject to the Confidentiality Order, it, too, will be sealed. A public version containing redactions of the confidential information will follow.

concluded at 6:36 p.m., while Dr. Macartney's deposition started at 9:00 a.m. and ended at approximately 6:00 p.m.[2] ECF No. 332 at 29, 508, 586.

Discovery closed on November 20. ECF No. 270. Thereafter, the parties filed cross-motions for summary judgment. Defendants filed their opening brief in support of their motion for summary judgment on November 26, 2025. ECF No. 304. The parties' cross-motions were fully briefed as of January 21, 2026, with the filing of Defendants' reply. ECF No. 351.[3]

In addition to their summary judgment motion, Defendants filed several motions challenging the opinions of Plaintiffs' experts.[4] On November 26, Defendants filed a Motion to Exclude Certain Opinions of Plaintiffs' Expert Dr. Gareth Macartney. ECF No. 302. And on December 1, Defendants filed a Motion to Exclude Certain Opinions of Plaintiffs' Experts Dr. Joshua Woolley and Dr. Frederick Barrett. ECF No. 308. Both motions are now ripe.

## II.    Analysis

Plaintiffs urge this Court to reject Defendants' arguments on the merits and to find that their request for relief is untimely in the first instance. I first address timeliness.

### A.    Defendants' request to reopen the experts' depositions is untimely.

Defendants understate the magnitude of their requested relief by framing it simply as additional time to depose each expert witness.[5] What Defendants truly seek is a modification of the schedule to allow for a reopening of the depositions and, by extension, a limited reopening of the discovery period. Reopening the depositions at this late stage would significantly disrupt the schedule and halt the orderly progress of this case. At the time the parties filed their January 7 joint discovery dispute letter, briefing on the cross-motions for summary judgment and *Daubert* motions was well underway. *See* ECF Nos. 270, 312. Significantly, Defendants have filed two *Daubert* motions specifically challenging the opinions of Dr. Barrett and Dr. Macartney. ECF Nos. 302, 308. After any reopening of the experts' depositions, Defendants might seek to supplement their summary judgment briefing and *Daubert* motions. This briefing would, of

---

[2] During both depositions, the parties took a lunch recess, in addition to several short breaks throughout the day. *See generally* ECF Nos. 333-1, -2.

[3] Plaintiffs withdrew their cross-motion for summary judgment because the Court dismissed Defendant Compass Pathfinder Limited's counterclaims during the summary judgment briefing schedule, ECF No. 341, making Defendants' reply in support of their motion for summary judgment the final brief on the cross-motions.

[4] The parties agreed to a briefing schedule for *Daubert* motions that aligned with the summary judgment briefing schedule. *See* ECF Nos. 311–12.

[5] Defendants do not expressly state in their position statement how much more time they need to adequately depose Plaintiffs' experts. In the parties' email correspondence regarding this dispute, however, Defendants requested an additional 5 hours of deposition time for each witness. ECF No. 332 at 26.

course, necessitate supplemental briefing from Plaintiffs, all of which would cause further delay in the resolution of the motions.

Setting aside the ripple effects a reopening of the depositions might cause, Defendants have not set forth good cause for their request. All modifications of a case scheduling order must comply with the good cause requirement of Rule 16(b)(4) of the Federal Rules of Civil Procedure. "The primary consideration of the Rule 16(b) 'good cause' standard is the diligence of the movant." *Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 374 (D. Md. 2002). The Court should inquire into the moving party's reasons for modification and, "[i]*f that party was not diligent, the inquiry should end*." *Id.* (quoting *Marcum v. Zimmer*, 163 F.R.D 250, 254 (S.D.W. Va. 1995)).

Defendants waited approximately three weeks after the conclusion of the experts' depositions to first raise their concerns about obstruction. It was not until December 10 that counsel for Defendants emailed Plaintiffs' counsel regarding the alleged obstruction. *See* ECF No. 332 at 25–26. Defendants' only explanation for the delay is that the deadline for their summary judgment motion fell one week after the experts' depositions—on November 26—and that the Thanksgiving holiday was the following day. ECF No. 333 at 3. That explanation falls short where, as here, the alleged misconduct by the expert witnesses and counsel was immediately apparent. Defendants were present at the time of the alleged obstructionist behavior and could have conferred with Plaintiffs' counsel at the conclusion of the depositions or soon thereafter if Defendants truly believed that they were deprived of their deposition time. Defendants did not do so. Rather, in their recent briefing, they relied upon the very deposition testimony they now assert is inadequate and seek a do-over of the depositions more than six weeks after the close of discovery. Defendants were not diligent in raising this dispute with the Plaintiffs, thereby precluding a finding of good cause to justify a reopening of the depositions and discovery.

Even if Defendants' request to reopen the depositions was timely, I would not grant relief because I find that there was no obstruction or misconduct of any kind on the part of Plaintiffs' experts or counsel.

### B. Neither Plaintiffs' counsel nor Plaintiffs' experts obstructed the depositions.

I have reviewed each of the 30 deposition excerpts Defendants highlight and I find no obstructionist behavior on the part of Plaintiffs' counsel or the expert witnesses.[6] In the interest of brevity, I do not address each instance of alleged obstructionist behavior, instead highlighting only illustrative examples.

#### 1. Plaintiffs' counsel's objections were appropriate.

Rule 30(c)(2) of the Federal Rules of Civil Procedure provides that during a deposition, "[a]n objection must be stated concisely in a nonargumentative and nonsuggestive manner." Fed.

---

[6] The complete list of deposition excerpts related to this dispute is identified in a December 29 email from Defendants' counsel to Plaintiffs' counsel. ECF No. 332 at 18–20.

3

R. Civ. P. 30(c)(2). The Local Rules of this District provide additional guidance, noting that objections "should be stated as simply, concisely, and non-argumentatively as possible to avoid coaching or making suggestions to the deponent, and to minimize interruptions in the questioning of the deponent (for example: "objection, leading;" "objection, asked and answered;" "objection, compound question;" "objection, form")." Loc. R. App'x A, Guideline 6.b.

The objections Plaintiffs' counsel lodged comport with these discovery rules. The objections were plain and concise and fell into two general categories: (1) "asked and answered" objections and (2) "calling for a legal conclusion" objections. Each time Plaintiffs' counsel raised these objections, there was a valid basis to do so.

For instance, during Dr. Barrett's deposition,  Plaintiffs' counsel appropriately raised an "asked and answered" objection after the second rephrased question and continued to raise these objections six more times before Defendants' counsel moved to another topic. *See id.* Defendants highlight this exchange to demonstrate obstructionist behavior on the part of the witness and Plaintiffs' counsel, but it reflects the questioner's own resistance to accepting an answer that the questioner may not have preferred, but which was responsive by inference.

Plaintiffs' counsel's other objections on the ground that some questions "call[ed] for a legal conclusion" were also appropriate. And, even if Defendants believe that these objections were baseless, the objections did not obstruct the deposition. 

Beyond these two categories, Defendants assert that Plaintiffs' counsel also coached the experts by, at times, asking Defendants' counsel to show the witness a specific document when the question posed related to the document. *See* ECF No. 333 at 2. This, too, does not rise to the level of obstructionist behavior.



There is nothing improper about Plaintiffs' counsel's conduct during this exchange. Ensuring that the witness has reviewed a document that is the subject of a question strikes me as good practice. Moreover, Defendants cannot point to any prejudice arising from this exchange. Plaintiffs' counsel did not prevent the witness from answering the question, and Dr. Barrett did not refuse to do so. By asking Defendants' counsel to show Dr. Barrett the declaration, Plaintiffs' counsel was trying to facilitate an accurate, non-speculative response from the witness—a benefit to both parties.

    2.    **The expert witnesses' answers were not obstructionist.**

Defendants take issue with many of the experts' responses in which the experts provided lengthy answers or read directly from their reports. Expert witnesses, by their very nature, possess specialized knowledge, education, or skill. Unsurprisingly, their testimony is more complex than an ordinary lay witness. Having reviewed the deposition excerpts Defendants highlight, I do not find that the witnesses engaged in any obstructionist behavior. The witnesses at times resisted providing yes-or-no responses, instead reciting passages from their reports or otherwise providing lengthy context. But such testimony is not categorically improper, particularly where the questioner does not state at the outset of a question that the witness should provide a yes-or-no response.

Accordingly, I deny Defendants' request for an order requiring the witnesses to provide concise answers. Such an order is unwarranted on these facts. Moreover, any order requiring an expert witness to testify "concisely" in a deposition invites problems of interpretation, as it risks being vague and difficult to enforce.

      For the reasons stated above, Defendants' request for relief is DENIED. Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly.

                                                                         Sincerely,

                                                                         /s/

                                                                         Chelsea J. Crawford
                                                                         United States Magistrate Judge